THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH I. DEANE,

               Plaintiff,

   vs.

PACIFIC FINANCIAL GROUP, INC., a
Washington corporation; MEGAN P. MEADE,
an unmarried woman; NICOLAS B. SCALZO,
a married man; NICOLAS B. SCALZO and
EVA M. SCALZO, a marital community;
JAMES C. MCCLENDON, a married man;
JAMES C. MCCLENDON and JOAN A.
MCCLENDON, a marital community;
GAETAN T. SCALZO, a married man;
GAETAN T. SCALZO and SHERRIE
SCALZO, a marital community,

               Defendants.

NO. 2:19-cv-00722-MJP

DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER

**NOTE ON MOTION CALENDAR:
Monday, October 21, 2019**

## I.   RELIEF REQUESTED

Defendants, by and through their attorneys of record, David W. Silke, Nicole E. Demmon, and Gordon Rees Scully Mansukhani, LLP, respectfully move this Court for a Temporary Restraining Order in favor of Defendants and against Plaintiff Kenneth I. Deane, prohibiting him from using, disclosing, copying, storing, transmitting, interfering or otherwise damaging The Pacific Financial Group's ("TPFG") confidential and proprietary information; and

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

from inducing any custodians, consultants, or referral sources to cease doing business with or interfering with their relationship with TPFG.  In addition, Defendants request that the Court enter an Order by which TPFG shall deposit all future amounts payable to Mr. Deane under his Employment Agreement into the Court Registry until such time as this matter is resolved.

## II.   FACTUAL BACKGROUND

### A.   Pacific Financial Group, Inc.

Defendant Pacific Financial Group, Inc. is an investment adviser registered with the U.S. Securities and Exchange Commission with its principal place of business in Bellevue, Washington.  Founded in 1984, TPFG provides portfolio management solutions to clients who are referred to TPFG through TPFG's national network of independent and unaffiliated referring firms, and these firms' investment adviser representatives.  Meade Decl., ¶3.  TPGF manages accounts for these referring firms and their clients through a variety of programs, which can include optimizing the fund selections made available through a variable annuity or a retirement plan's core fund offerings; separate account management; as well as constructing model portfolios using TPFG's proprietary mutual funds within a 401(k) account's self-directed brokerage window, which is unique among TPFG's competitive marketplace.  *Id.*  Though TPFG provides a full suite of management services for all account types, its core business revolves around portfolio management solutions for retirement accounts ("Pre-Retirement Solutions") and its Market Movement Solutions ("MMS™") management style.  *Id.*  Defendants Megan Meade, Nicolas Scalzo, James McClendon, and Gaetan Scalzo have been officers and/or directors at TPFG and its affiliated companies.

### B.   Kenneth Deane's Employment and Employment Agreement

Plaintiff Kenneth Deane entered into an Employment Agreement with, and was employed by, TPFG from October 2007 until January 2019, where he held the position of Executive Vice President, Eastern Sales.  Meade Decl., ¶4.  Two central tenets of the Employment Agreement

DEFENDANTS' MOTION FOR TEMPORARY
RESTRAINING ORDER – PAGE 2
(NO. 2:19-cv-00722-MJP)

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

are: (1) Mr. Deane's recognition that TPFG's confidential information "constitutes a valuable, special and unique asset of [TPFG]" and (2) as a condition of receiving TPFG's confidential information and preserving TPFG's competitive edge, Mr. Deane agreed not to engage in certain post-separation business activities.  Meade Decl., Ex. A, pp. 5 – 6.  Specifically, Mr. Deane agreed to not, for a period of twelve (12) months following his employment with TPFG: (1) solicit the services of any investor client or employee of TPFG to terminate their employment or business relationship with TPFG; or (2) induce any custodians, consultants, or referral sources to cease doing business with or interfere with their relationship with TPFG.  *Id.*  As consideration for Mr. Deane's compliance with these essential elements of the Employment Agreement, TPFG agreed to pay Mr. Deane, upon separation from the company, a percentage of fees earned by TPFG, four (4) quarterly payments per year of employment, with a maximum of sixteen (16) quarterly payments.  *Id.*; *see* Meade Decl., ¶5.

In the Fall of 2018, Mr. Deane, Defendant Meade and Defendant Scalzo engaged in multiple discussions and negotiations with Mr. Deane regarding Mr. Deane's continued role at TPFG.  Unfortunately, the parties were unable to reach an agreement, and on January 22, 2019, the employment relationship ended.  After the employment relationship ended, and pursuant to the Employment Agreement, Mr. Deane began receiving, and continues to receive, quarterly payments.  Meade Decl., ¶5.  These payments are scheduled to continue until January 2023.  *See* Employment Agreement, 4 – 5.

## C.    Plaintiff's current employer Advisors Capital Management, LLC

It is TPFG's understanding that Mr. Deane now works for Advisors Capital Management, LLC ("Advisors Capital"), an investment adviser registered with the U.S. Securities and Exchange Commission. Like TPFG, Advisors Capital provides portfolio management services to independent investment advisors and managed account platforms.  Monks Decl., ¶5; *see*

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

Monks Decl., Ex. A.  As such, Advisors Capital is a direct competitor of TPFG and in a position to profit from Mr. Deane's knowledge of TPFG's trade secrets.  *See* Meade Decl., ¶4.

**D.     Plaintiff contacts Kovack Securities, Inc.**

Kovack Securities, Inc. ("Kovack") is a FINRA member broker dealer and registered investment adviser with its principle office in Fort Lauderdale, Florida.  Monks Decl., ¶2. Kovack has approximately 400 independent financial advisers across the country who provide investment products and services to their clients to include the portfolio management solutions offered by TPFG.  *Id.*  Kovack advisers were permitted to use TPFG' portfolio management services and programs at the time of Mr. Deane's employment with TPFG, and continue to do so today.  Meade Decl., ¶6.  Using the relationship Mr. Deane established while a TPFG employee, on or about the first week of July 2019, Mr. Deane called Executive Vice President Chris Mills of Kovack to schedule an in person meeting to discuss Mr. Deane's new position at Advisors Capital. Mills Decl., ¶4.   The call was transferred to business development consultant Pete Monks for scheduling.  *Id.*  On July 18, 2019, Mr. Deane visited the offices of Kovack and met with Mr. Monks.   *Id.* The sole purpose of this meeting was for Mr. Deane to (a) establish a business relationship with Kovack where one did not previously exist between Kovack and Advisors Capital, and (b) to have Kovack approve Advisors Capital's models on its platform in direct competition with TPFG's models already on the platform.  *See* Monks Decl., ¶5.  After the initial meeting, Mr. Deane engaged in subsequent email communications regarding the same. Monks Decl., Ex. B.  Kovack immediately informed TPFG of Mr. Deane's attempt to leverage his past affiliation with TPFG so as to gain access to Kovack's platform for his new employer where no previous relationship existed.  Meade Decl., ¶7.

## III.  STATEMENT OF ISSUES

Whether the Court should issue a Temporary Restraining Order against Plaintiff prohibiting him from: using, disclosing, copying, storing, transmitting, interfering or otherwise

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

damaging TPFG's confidential and proprietary information; and from inducing any custodians, consultants, or referral sources to cease doing business with or interfere with their relationship with TPFG. Additionally, to prevent the further financial harm to TPFG, TPFG seeks permission to place the contractual payments (estimated to be in excess of $1,000,000 over the payment period) in the Court Registry subject to distribution (if any) in accordance with the Court's Order upon resolution of this matter.

## IV.   EVIDENCE RELIED UPON

Defendants rely upon the Declaration of Megan Meade in support of Defendant's Motion for Temporary Restraining Order, and the exhibits attached thereto; the Declaration of Peter Monks in support of Defendants' Motion for Temporary Restraining Order, and the exhibits attached thereto; the Declaration of Chris Mills in support of Defendants' Motion for Temporary Restraining Order, and the exhibits attached thereto; and the Declaration of David Silke in support of Defendants' Motion for Temporary Restraining Order, and the exhibits attached thereto; as well as the Court's records and pleadings contained herein.

## V.   AUTHORITY

Federal Rule of Civil Procedure 65 sets forth the procedure and circumstances under which a temporary restraining order ("TRO") or a preliminary injunction may be allowed.  A TRO or preliminary injunction may issue when it: states the reasons why it was issued; states its terms specifically; and describes in detail—beyond mere reference to the complaint or other document[1]—the act or acts restrained or required. Fed. R. Civ. P. 65(d)(1).  Specifically, the moving party must establish (1) a likelihood of success on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Winter v. Natural Resources Defense*

---

[1] Although a number of other circuits read the "no reference" requirement strictly, the 9th Circuit has permitted incorporation by reference, e.g., where the referenced document is "physically attached to the [order] itself." *Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1132 – 33 (quoting *State of California v. Campbell*, 138 F.3d 772, 783 (9th Cir. 1998).

DEFENDANTS' MOTION FOR TEMPORARY
RESTRAINING ORDER – PAGE 5
(NO. 2:19-cv-00722-MJP)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

*Counsel Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed. 2d 249.  Further, the court may issue a TRO without notice when: specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1).

The standard for issuing a temporary restraining order is essentially the same as the standard for issuing a preliminary injunction. *Microsoft v. Premier Selling Techs.*, 2015 U.S. Dist. LEXIS 39012.  Whether to grant or deny a TRO or preliminary injunction is a matter within the court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).  The court may order the party against whom the TRO is issued to show cause as to why the TRO should not convert to a preliminary injunction. *Microsoft*, 2015 U.S. Dist. LEXIS 39012.

### A.      TPFG has legal and equitable rights in the counterclaim presented in its Answer

The facts outlined above serve as the basis for TPFG's counterclaim for Breach of Contract. *See* Defendant's Answer.  Mr. Deane entered into a binding Employment Agreement upon his employment with TPFG, which contained reasonably limited non-solicitation and confidentiality/nondisclosure provisions.   Meade Decl., ¶4; *see* Meade Decl., Ex. A.   In exchange, Mr. Deane is receiving monthly payments that are scheduled to continue through January 2023.  Mr. Deane is in breach of his Employment Agreement by using information not generally known to the public relating to the business of TPFG, and interfering with TPFG's referral sources. Meade Decl., ¶¶7 – 8; *see* Monks Decl., ¶5.  While employed by TPFG, Mr. Deane had access to TPFG's most valuable information: its confidential and proprietary information. Meade Decl., ¶4.  Advisors Capital knew that Mr. Deane was previously employed by TPFG and that he had access and knowledge of TPFG's confidential and proprietary information.   It is incontrovertible that Mr. Deane and Advisors Capital have used TPFG's

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

confidential and proprietary information to compete with TPFG and to interfere with TPFG's business in violation of his Employment Agreement and civil law. TPFG has become aware of a specific referral source that Mr. Deane and Advisors Capital have interfered with. Monks Decl., ¶5. On July 18, 2019, TPFG transmitted a cease and desist letter to Mr. Deane and was assured by Mr. Deane's counsel that no breach has occurred or would occur. Silke Decl., Ex. A; Silke Decl., ¶5. Despite the assurance, Mr. Deane breached the agreement both on the day Mr. Deane's counsel provided the assurance and thereafter. Monks Decl., ¶5. As such, TPFG's request for a TRO should be granted as its allegations in its Answer set forth a valid counterclaim that would entitle TPFG to the relief demanded in its counterclaim.

**B.     Mr. Deane and Advisors Capital present an immediate and ongoing harm to TPFG**

TPFG's business faces no greater threat than the use and disclosure of its confidential and proprietary information—especially by or to a direct competitor. *See* Meade Decl., ¶8. TPFG and Advisors Capital are direct competitors in the investment advice and portfolio management marketplace. Knowing Mr. Deane possessed TPFG trade secrets is likely why Advisors Capital hired Mr. Deane. TPFG's damages potentially began when Mr. Deane started to engage in conversations with Advisors Capital prior to his employment with Advisors Capital, and such threat is immediate and will continue to be ongoing until Mr. Deane is enjoined from further harming TPFG's business. Furthermore, with every payment made to Mr. Deane, TPFG is harmed financially as the probability of recovering any ill-gotten gains as a result of Mr. Deane's breach at the conclusion of this matter are unlikely. *See* Meade Decl., ¶5.

**C.     TPFG will suffer irreparable harm if the TRO is not issued as there is no adequate legal remedy to protect TPFG's interest.**

TPFG must attempt to limit the spread of its confidential and proprietary information through a TRO. Unfortunately, TPFG's confidential and proprietary information is intangible and cannot be returned or surrendered easily. Likewise, clients lost, or reputation and good will

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

damaged, as a result of Mr. Deane's violation of the non-solicitation provision of his Employment Agreement cannot be restored.   As such, the damage caused by the use or disclosure of confidential and proprietary information and Mr. Deane's solicitation and interference with TPFG clients cannot be contained unless it is enjoined by the court through a TRO.   TPFG will continue to suffer irreparable harm from the use and disclosure of its confidential and proprietary information, and the loss of clients through Mr. Deane's incurable breach of the Employment Agreement's non-solicitation and protection of confidential information provisions, until Mr. Deane is enjoined from using such information and soliciting TPFG's clients.  Meade Decl., ¶8.  Further, based upon Advisors Capital's response to TPFG's cease and desist letter, Plaintiff has apparently not shared with his employer the agreement he is under.  Silke Decl., ¶6.

## VI.  <u>CONCLUSION</u>

Mr. Deane's counsel claimed in writing that Mr. Deane would abide by the provisions of the Employment Agreement by acknowledging TPFG's cease and desist letter. Yet the declarations and supporting documentation in this case show that unlawful solicitation continued to occur after Mr. Deane's counsel's confirmation. Mr. Deane continues to violate the non-solicitation, non-interference, and confidential information protection clauses of the Employment Agreement as set forth herein. He should not be allowed to continue to receive the benefit of the payments under the Employment Agreement while at the same time ignoring and violating his own obligations under the Employment Agreement.   Accordingly, Defendants respectfully request this Court enter a TRO preventing Mr. Deane from using, disclosing, copying, storing, transmitting, interfering or otherwise damaging TPFG's confidential and proprietary information, as well as soliciting TPFG's clients and interfering with TPFG's business in violation of the Employment Agreement.  No security is necessary in this instance since the TRO would be preserving the status quo pending the outcome of litigation.

DEFENDANTS' MOTION FOR TEMPORARY
RESTRAINING ORDER – PAGE 8
(NO. 2:19-cv-00722-MJP)

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone:  (206) 695-5100
Facsimile:   (206) 689-2822

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Alternatively, Defendants respectfully request the Court order a show cause hearing within 14 days of this motion for Plaintiff to show cause why this TRO should not convert to preliminary injunction.

DATED:  October 21, 2019.

Respectfully submitted by:

GORDON REES SCULLY MANSUKHANI LLP

By:   /s/ David W. Silke
      David W. Silke, WSBA #23761
      Nicole E. Demmon, WSBA #45322
      Gordon Rees Scully Mansukhani, LLP
      701 Fifth Avenue, Suite 2100
      Seattle, WA 98104
      Phone:   (206) 695-5100
      Fax:      (206) 689-2822
      E-Mails:  dsilke@grsm.com
                ndemmon@grsm.com

Attorneys for Defendants:

Pacific Financial Group, Inc.;
Megan P. Meade;
Nicholas B. Scalzo and Eva M. Scalzo;
James C. McClendon and Joan A. McClendon;
and Gaetan T. Scalzo and Sherrie Scalzo

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I electronically filed the foregoing document entitled DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER, the accompanying DECLARATION OF DAVID W. SILKE IN SUPPORT OF DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER, DECLARATION OF CHRIS MILLS IN SUPPORT OF DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER, DECLARATION OF MEGAN P. MEADE IN SUPPORT OF DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER, and the DECLARTION OF PETER MONKS IN SUPPORT OF DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered participants:

**Case No. 2:19-cv-00722-MJP Electronic Filing Notice List:**

**Plaintiff's Attorney:**
- Howard Rosen:
  jhr@jonrosenlaw.com; pf@jonrosenlaw.com

DATED this 21st day of October, 2019.

*/s/ Karen A. Hansen*
Karen A. Hansen, Legal Assistant
kahansen@grsm.com

8011114_Transition47841497v.1

DEFENDANTS' MOTION FOR TEMPORARY
RESTRAINING ORDER – PAGE 10
(NO. 2:19-cv-00722-MJP)

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone:  (206) 695-5100
Facsimile:  (206) 689-2822