HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH I. DEANE;<br><br>                        Plaintiff,<br><br>        v.<br><br>PACIFIC FINANCIAL GROUP, INC., et al.;<br><br>                     Defendant(s). | Case No. 2:19-cv-00722-MJP<br><br>PLAINTIFF KENNETH I. DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Noted for October 28, 2019 |

Plaintiff Kenneth I. Deane, ("Plaintiff") opposes the motion for a temporary restraining order on the grounds that it is factually insufficient and inaccurate, that Defendants are unlikely to succeed on the merits, there is no legitimate fear of irreparable injury, and Defendants make no claim, let alone demonstrate, that the balance of equities tips in their favor.

## I.    THE LEGAL STANDARDS FOR GRANTING A MOTION FOR A TEMPORARY RESTRAINING ORDER.

Defendants' accurately rely on *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) for setting forth the basic requirements for the issuance of a TRO.

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER – PAGE - 1

A [moving party] …

> seeking a preliminary injunction must establish that he is
> likely to succeed on the merits, that he is likely to suffer
> irreparable harm in the absence of preliminary relief, that
> the balance of equities tips in his favor, and that an
> injunction is in the public interests.

*Winter v. Natural Resources Defense Council, Inc.*, Id. at 20 (Citation omitted). This precedential

Supreme Court decision, however, is just the starting point.

Because it is a threshold inquiry, if the moving party fails to show a likelihood of success

on the merits, the Court need not consider the other three *Winter* elements. *Garcia v. Google,*

*Inc.*, 786 F. 3d 733, 740 (9th Cir., 2015) (Citation omitted) (en banc); see also *Heineke v. Santa*

*Clara University*, 2018 WL 3368455 *11.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a

clear showing that the [moving party] is entitled to such relief." *Winter*, supra, at 555 U.S. 22.

See also *Earth Island Institute v. Carlton* 626 F. 3d 462, 469 (2010) ([the moving parties] face a

difficult task proving they are entitled to this "extraordinary remedy.") The "clear showing"

requirement is particularly strong when a party seeks a TRO. See *Mazurek v. Armstrong* 520

U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997); *GEO Group, Inc. v. The United States*

100 Fed. Cl. 223, 226 (2011) (A … temporary restraining order is an 'extraordinary and drastic

remedy, one that should not be granted unless the movant, by a clear showing, carries the burden

of persuasion.' " (Citing Mazurek).

An injunction and, in this case, a temporary restraining order are equitable remedies.

> It goes without saying that an injunction is an equitable remedy. It "is not
> a remedy which issues as of course" … or "to restrain an act the injurious
> consequences of which are merely trifling." An injunction should issue
> only where the intervention of a court of equity "is essential in order

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER – PAGE - 2

effectually to protect property rights against injuries otherwise irremediable". The court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.

*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982) (citations omitted).   Monetary harm alone does not constitute irreparable harm. *Los Angeles Memorial Coliseum Commission   v. NFL*, 634 F. 2d 1197, 1202 (9th Cir., 1980) ("Even if some significant threat of injury be hypothesized, it was neither found nor shown to be irreparable. The basis of injunctive relief in the federal courts is irreparable harm and the inadequacy of legal remedies. … It is well established, however, that such monetary injury is not normally considered irreparable." (Citations omitted)); See also *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F. 3d 985, 993 (9th Cir., 2019).

 *Winter v. Natural Resources Defense Council, Inc.*, supra, rejected the then Ninth Circuit's "possibility of irreparable injury" standard stating that it was too lenient." Id. at 22 "Our frequently reiterated standard requires [moving parties] seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." Id.  See *Stormans, Inc. v. Selecky*, 586 F. 3d 1109, 1127 (9th Cir., 2009).  The Court instructed that "[i]ssuing a preliminary injunction based only on the possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded on a clear showing that [the moving party] is entitled to such relief." (Citations omitted.))

 A moving party seeking an injunction based on alleged past wrongs must show a real and immediate threat that it will be wronged again. "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER – PAGE - 3

continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) citing *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); see also *Victor v. Bigelow, Inc.*, 708 Fed. Appx 333, 334  (9th Cir., 2017); *Munns v. Kerry*, 782 F. 3d 402, 411 (9th Cir., 2015) (" 'Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the [moving party] does not continue to suffer adverse effects.  Nor does speculation or "subjective apprehension" about future harm support standing.' " (Citations omitted)).   "Once a [moving party] has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat … that he will again be wronged in a similar way.' " *Munns,* at 411 (Citations omitted).

A party that does not have a high probability of success can still obtain relief if it can show very great irreparable harm and the opposing party little.  See *Ayres v. City of Chicago*, 125 F. 3d 1010, 1013 (7th Cir., 1997).  In assessing the relative hardships to each party the court must consider the impact the injunction may have on the respective parties.  The relative size and strength of each party may be pertinent to this inquiry.  *Sardi's Restaurant Corp. v. Sardie*, 755 F. 2d 719, 726 (9th Cir.,1985).

Finally, Fed. R. Civ. P. 65(c) requires that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongly enjoined or restrained."  Despite the seemingly mandatory language Fed. R. Civ. P. 65(c) allows the court discretion with regard to both the necessity of filing a bond and its amount depending on the likelihood of harm to the non-moving party wrongfully enjoined.  *Johnson v.*

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER – PAGE - 4

*Couturier,* 572 F. 3d 1067, 1086 (9th Cir., 2009).   LR 65.1 sets forth the mechanism for securing the bond.

## II.    DEFENDANTS' MOTION FAILS TO SATISFY EVEN THE MINIMAL REQUISITES FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER

**A.**    Defendants Are Not Likely To Succeed On The Merits of Their Counterclaim.

Let us begin where Mr. Deane ends.   At ¶¶ 13-15 of his declaration Mr. Deane unambiguously asserts that, always aware of his non-solicitation and confidentiality obligations, he had no intent to nor did he take any actions inconsistent with those obligations.    Declaration of Kenneth I. Deane, ¶¶ 13-15.   He shared his obligations to TPFG, with ACM and negotiated a carve out to avoid any conflict.   Deane Dec'l., at ¶ 11; Declaration of Charles Lieberman, ¶¶ 3-5.

Despite Defendants argument to the contrary, nothing contained in the declarations of Chris Mills or Peter Monks suggests otherwise.   Mr. Mills states that he was contacted by Mr. Deane by telephone and advised that he was now working at ACM and interested in meeting to discuss a business opportunity with Kovack, Mr. Mills' company.   Mr. Mills states in his declaration that he referred him to Peter Monks.   Mills Dec'l., at ¶ 4.   Nowhere does Mr. Mills state or even suggest that Mr. Deane was attempting to interfere with Kovack's business relationship with TPFG.

Likewise, Mr. Monks' declaration is devoid of any suggestion that Mr. Deane attempted to violate or circumvent the restrictive covenants in his employment agreement.   Defendants argue that Mr. Monks asserts in his declaration that "the sole purpose was for Mr. Deane to … have Kovack approve Advisors Capitals models on its platform in direct competition with

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER – PAGE - 5

1
2
3
4
5
6
7
8
9
10
11

TPFG's models already on the platform" and that "Mr. Deane is in breach of his employment agreement by using information not generally known to the public relating to the business of TPFG, and interfering with TPFG's referral services." See Defendants' motion at ¶¶ 4-6, citing ¶ 5 of Mr. Monks declaration. However, Mr. Monks says no such things. Clearly, he says only that Mr. Deane reached out to him to solicit business on behalf of ACM. He does not state or even suggest that had Mr. Deane been successful that there would have been an adverse impact on defendants or that TPFG would have lost any revenue. Nowhere in Mr. Monks declaration, or Mr. Mills' is there even a hint that Mr. Deane divulged or attempted to divulge any confidential information to them.

12
13
14
15
16

Nothing in Mr. Deane's employment agreement with TPFG prohibited him from meeting with representatives of Kovack. Mr. Deane had entered into an agreement with TPFG that does contain restrictive covenants; but they are limited. At pages 5 and 6 of the Agreement there is the following paragraph:

17
18
19
20
21
22
23
24
25
26

> 12.1 **Prohibition Against Solicitation.** During the term of the Employee's employment, whether pursuant to this Agreement or otherwise, and for a period of twelve (12) months following the termination or expiration of this Agreement or any extension thereto, or following the termination of his employment with the Employer, regardless of the reason for such termination, the Employee shall not, without the prior written consent of the Employer, (1) directly or indirectly, solicit the services of any of the employees or investor clients of the Employer with the purpose of causing such persons to terminate their employment or business relationship with the Employer, as the case may be, (2) cause, induce, or attempt to cause or induce any of Employer's custodians, consultants, or referral sources or any other business relation of Employer to cease doing business with Employer or in any way

27
28

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER – PAGE - 6

> interfere with the relationship between Employer and its custodians, consultants, and referral sources, or (3) directly or indirectly, engage employ, or otherwise hire any of the employees of the Employer.

Deane Dec'l., Exhibit A.

With regard to subparagraph 1, Kovack was neither an employee nor an investor client. With regard to subparagraph 2, Mr. Deane neither caused, induced, nor attempted to cause or induce Kovack, assuming Kovack is included in at least one of the categories enumerated in this subsection, from ceasing to do business with TPFG nor did he interfere with that ongoing relationship. Subsection 3 doesn't apply at all.

Being aware of Defendants position regarding the date that the non-solicitation obligations ended, Mr. Deane assiduously negotiated a provision into his employment agreement with ACM that excused him from any responsibility through January 2020 to engage in any conduct that could be considered violative of these non-solicitation provisions in his agreement with TPFG. Deane Dec'l., ¶ 11, Exhibit C.

In his employment agreement with ACM, Mr. Deane "specifically represents to [ACM] that he will honor the confidentiality obligations [he has to TPFG]." He and ACM specifically agree that "he will not be assigned any responsibilities that could be considered covered by the non-solicitation agreement with [TPFG] until after February 1, 2020." Id. Based on Ms. Meade's June 15, 2018 email to Mr. Deane and his colleague Mr. Templeman, Deane Declaration, Exhibit B, it is reasonable for Mr. Deane to take the position and argue that his employment agreement was terminated by June 30, 2018 even though he continued as an employee of TPFG for more than another six months. For purposes of opposing this motion, he

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER – PAGE - 7

will not rely on the argument that his non-solicitation obligations had already expired as of early July 2019.  However, he does not waive that argument and reserves the right to revive it should that become necessary in the future.

While Ms. Meade in her declaration, at ¶ 8, speculates that Mr. Deane's employment with ACM will "cause extensive damage to TPFG" and that he "has used, and it is inevitable that he will continue to use [confidential and proprietary information]" belonging to TPFG, there is simply no evidence of a violation or an attempt to violate surviving provisions of Mr. Deane's employment agreement with TPFG.

Based on what the declarations say, rather than their interpretation by defendants, there is no showing of a likelihood of success on the merits.  Because showing a likelihood of success on the merits is a threshold issue, *Garcia v. Google, Inc.*, supra, there is sufficient basis to deny the defendants' motion for TRO at this point.

Nevertheless, Mr. Deane will show below that there are additional reasons to deny the motion.

**B.**      **Defendants Have No Legitimate Fear of Injury or of an Immediate or Imminent Violation of Their Rights.**

In order to show the need for a TRO, a moving party must show that it has a legitimate fear of an immediate or imminent violation of its rights.  Defendants must show considerably more in seeking a TRO than the "possibility" of irreparable injury.  They must demonstrate that the irreparable injury is likely in the absence of an injunction.  *Stormans, Inc. v. Selecky*, supra.

Even if there was a past breach of the non-solicitation requirements, there is no showing by Defendants, or even an attempt to do so, that Mr. Deane is likely to offend again.  The only evidence before the court is an attempt by Mr. Deane to do business on behalf of his present

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER – PAGE - 8

employer with a company that also does business with his prior employer. There is nothing in the defendants' declarations to suggest, let alone creates a "likelihood", that he would be interfering with Defendants' business with Kovack. Indeed, as Mr. Deane sets forth in his declaration at ¶ 12, ACM and TPFG work primarily in separate areas and that while there is some overlap, he made is no attempt to interfere with TPFG's relationship with Kovack while restrictions might still be in place.

Mr. Deane met with Mr. Monks in mid-July 2019. Based on the declaration of Ms. Meade, as well as counsel's letter in mid-July (Declaration of David W. Silke, Exhibit A) Defendants were aware of Mr. Deane's approach to Kovack for over three months before bringing their motion for a TRO. This delay is strong evidence that Defendants themselves did not fear immediate harm.

**C.**     If Defendants Had Injuries or a Reasonable Fear of the Violation of Their Rights, They Are Not Irreparable and Could Be Protected by Adequate Legal Remedies.

The "harm" that is sought to be enjoined must be irreparable. Monetary losses are not evidence of irreparable harm. *Los Angeles Memorial Coliseum Commission   v.   NFL*, supra. relief must be shown to be inadequate. Yet here, defendants seek only monetary relief in their counterclaim. Nowhere in their pleadings do defendants assert any form of injury other than monetary damages and, of course, they don't have any. They have not shown any reputational damage. They have not shown any existential damage. Most significantly, they have not shown any reason to believe that they are going to be damaged by Mr. Deane because of any present, future or ongoing violation of his non-solicitation and confidentiality obligations to TPFG.

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER – PAGE - 9

Defendants' burden is particularly high since they are seeking much more than just an injunction to prevent Mr. Deane from violating his non-solicitation and confidentiality covenants. They are asking the court to allow them to cease making the contractual termination payments, albeit incorrectly calculated pending the outcome of this litigation. See *Garcia v. Google, Inc.*, supra, at 40.

**D.**     Defendants Have Failed to Demonstrate any Continuing or Present Adverse Effects.

Mr. Deane has been clear in his declaration that he has no intent to violate either his non-solicitation or confidentiality provisions of his agreement with TPFG. He recognizes that while the non-solicitation provision will sunset, if it has not already done so, by the end of January 2020, the confidentiality provisions continue. Defendants have failed to show any continuing, present adverse effects that could provide the Court a reason to exercise its discretion and grant a TRO. *City of Los Angeles v. Lyons*, supra.

**E.**     The Relative Hardships Favor Mr. Deane.

In addition to not showing any loss of income or a legitimate fear of the likelihood of any loss of income TPFG is a corporation managing a vast amount of assets and employing scores of people. Mr. Deane, on the other hand, is an individual with a young family reliant on a steady job. To the extent hardships need be balanced, they tip heavily in favor of Mr. Deane.

**F.**     Any Bond Should Be Substantial.

While Mr. Deane is optimistic that the Court will deny the motion for TRO, he requests that the Court, should it grant one, require Defendants to post a substantial bond of no less than

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER – PAGE - 10

$250,000 dollars to ensure that he can recover the economic damages and expenses, including legal fees, he would likely suffer if, as a result of an improvidently granted temporary restraining order, he loses his job with ACM and/or the termination payments he is currently receiving from TPFG.

## CONCLUSION

Defendants are unlikely to succeed on the merits of their counterclaim. They have suffered no harm, let alone any of an irreparable nature.  They allege only monetary damages. They have shown no likelihood that they will be harmed in the future by a violation of the restrictions on Mr. Deane.  The hardships do not favor them.  The motion should be denied.

Respectfully submitted 28th day of October, 2019.


THE ROSEN LAW FIRM

*/s/ Jon Howard Rosen*

Jon Howard Rosen, WSBA No. 7543


PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER – PAGE - 11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2019, I electronically filed the foregoing Plaintiff's Memorandum Opposing Defendants' Motion for Temporary Restraining Order, Declaration of Kenneth I. Deane, Declaration of Charles Lieberman, and this Certificate of Service with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered participants:

**Case No. 2:19-cv-00722-MJP Electronic Filing Notice List:**

**Defendants' Attorneys:**

- David W. Silke:
  dsilke@grsm.com

- Nicole E. Demmon:
  ndemmon@grsm.com


DATED this 28th day of October, 2019.

THE ROSEN LAW FIRM


/s/ Pepper Farris
_____
Pepper Farris - Legal Assistant

PLAINTIFF DEANE'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR
TEMPORARY RESTRAINING ORDER – PAGE - 12