UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH I. DEANE,<br><br>               Plaintiff,<br><br>    v.<br><br>PACIFIC FINANCIAL GROUP INC, et al.,<br><br>               Defendants. | CASE NO. C19-722 MJP<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion for Temporary Restraining Order (Dkt. No. 25),

2. Plaintiff Kenneth I. Dean's Memorandum Opposing Defendants' Motion for Temporary Restraining Order (Dkt. No. 30),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

**Background**

Defendant The Pacific Financial Group, Inc. ("TPFG") is an investment advisory group; Plaintiff was employed with the company from October 2007 until January 2019 (Plaintiff actually disputes when his employment ended, but for purposes of this motion is willing to use January 2019 as his end date). Plaintiff executed an Employment Agreement ("the Agreement") with TPFG. Two of the primary provisions of the Agreement consisted of (1) Plaintiff's acknowledgment that TPFG's confidential information "constitutes a valuable, special and unique asset of [TPFG];" and (2) Plaintiff's agreement, for a period of one year post-separation, to neither solicit any TPFG client to terminate its relationship with TPFG nor induce any referral sources to cease doing business or otherwise interfere with their relationship with TPFG. Dkt. No. 27, Decl. of Meade, Ex. A at 5-6.

Following Plaintiff's separation from TPFG, he began receiving quarterly termination payments per the Agreement (Plaintiff disputes that TPFG is calculating the payments correctly – it is one of the issues in this lawsuit – but that is not relevant for purposes of the TRO). He became employed by Advisors Capital Management ("Advisors Capital," "Advisors"), another investment advisory company which TPFG describes as a "direct competitor." Shortly after taking his new position, Plaintiff contacted the Executive Vice President (Mills) of Kovacks Securities, Inc. ("Kovacks"), an investment advisory company which utilizes TPFG's portfolio management services and programs, seeking to schedule a meeting to discuss his new position at Advisors Capital. Mills referred Plaintiff to Kovacks' business development consultant (Monks). On July 18, 2019, Plaintiff met with Monks and discussed the establishment of a business relationship between Advisors and Kovacks which would include the use of Advisors' models on Kovacks' platform. Dkt. No. 29, Decl. of Monks at ¶ 5. Plaintiff followed up with emails after the meeting. Id., Ex. B.

Kovacks informed TPFG of the contact from Plaintiff (Decl. of Meade at ¶ 7), resulting in TPFG filing a cease and desist letter with Plaintiff's attorney, who responded by assuring the company that Plaintiff was aware of the constraints of the Agreement and had no intention of violating them. A similar letter was sent by TPFG to Advisors Capital.

Three months later, Defendant filed the instant motion, seeking:

1. A prohibition against Plaintiff "using, disclosing, copying, storing, transmitting, interfering, or otherwise damaging" TPFG's confidential and proprietary information;
2. A prohibition against Plaintiff "inducing any custodians, consultants, or referral sources to cease doing business with or interfering with their relationship with TPFG;"
3. Permission to deposit all future payments owing to Plaintiff under his employment contract with the Court Registry.

**Discussion**

The parties are in agreement regarding the standard against which this request for emergency equitable relief must be measured. Defendant is required to establish (1) a likelihood of success on the merits, (2) that it is likely to suffer irreparable harm in the absence of the requested relief, (3) that the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 20 (2008).

The threshold inquiry must be whether the moving party can show a likelihood of success on the merits; if Defendant fails in that regard, the Court is not even required to consider the other three elements of the Winter test. Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

Defendant has not succeeded in establishing a likelihood of success on the merits. The Agreement prohibits Plaintiff, for one year following his termination, from the following:

> [D]irectly or indirectly [] solicit[ing] the services of any of the employees or investor clients of the Employer *with the purpose of causing such persons to terminate their employment or business relationship with the Employer*, as the case may be, (2) caus[ing], induc[ing] or attempt[ing] to cause or induce any of the Employer's custodians, consultants, or referral sources or any other business relation of Employer *to cease doing business with Employer or in any way interfere with the relationship between Employer and its custodians, consultants, and referral sources*.

Dkt. No. 31, Decl. of Deane, Ex. A (emphasis supplied).

While TPFG has evidence that Plaintiff contacted Kovacks (which indisputably has a business relationship with Defendant), none of its evidence regarding that contact – which consists solely of the declarations of Mills and Monks – even suggests that Plaintiff attempted to induce Kovacks to cease doing business with TPFG or in any other way to interfere in that relationship. Plaintiff submits his own testimony that Advisors and TPFG "work primarily in separate areas" (with some overlap) and that he "consciously avoided any interference with TPFG's relationship." Dkt. No. 31, Decl. of Deane at ¶ 12.

The Court is confident that if Defendant had *any* evidence that Plaintiff had solicited Kovacks to cut its ties to TPFG, that evidence would have been produced; the company does not even allege or present evidence that Plaintiff's overtures to Kovacks "interfered" with TPFG's relationship with its client. The best Defendant can do is speculate that Plaintiff's employment with Advisors "will cause extensive damage to TPFG;" the speculation does not even include what kind of damage. Decl. of Meade at ¶ 8.[1] Defendant has not made the requisite "clear showing that [it] is entitled to" emergency equitable relief on the basis of a meritorious factual or legal position. <u>Winters</u>, *supra* at 22.

---

[1] Meade also alleges that Plaintiff "has used, and it is inevitable that he will continue to use [confidential and proprietary information]" belonging to TPFG (Decl. of Meade at ¶ 8), but she presents no evidence in support of that allegation.

Although the failure to satisfy the first Winters element alone is enough to defeat Defendant's motion, TPFG's failure of proof inevitably bleeds over into its attempt to establish a likelihood of irreparable damages absent the injunction. As mentioned above, there is no evidence that TPFG has suffered any actual injury (loss of income, loss of business relationships) as regards Kovacks (or any other client). Of course, if the company's only injury was financial, an equitable remedy would be inappropriate. But Defendant's evidence is also completely lacking in any proof of damage to reputation or goodwill or any other intangible loss that might better support an allegation of "irreparable" injury.

Further, the Court is cognizant that "[o]nce a [moving party] has been wronged, [it] is entitled to injunctive relief only if [it] can show that [it] faces a 'real or immediate threat… that [it] will again be wronged in a similar way.'" Munns v. Kerry, 782 F.3d 402, 411 (9th Cir. 2015)(citations omitted). TPFG makes no allegations and presents no proof that Plaintiff has repeated, or is planning to repeat, this conduct. And, finally, there is the fact that the allegedly objectionable conduct occurred in July of this year, and Defendant waited three months before moving for "emergency" relief. There is no proof here of a violation, of irreparable injury, or of any emergency requiring extraordinary relief to issue.

**Conclusion**

Defendant has failed to present sufficient evidence to satisfy the requirement of establishing its likelihood of success on the merits of its claim, and has additionally failed to establish the likelihood of irreparable injury should its request be denied. For those reasons, its request for emergency equitable relief in the form of a temporary restraining order will be denied.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 31, 2019.

Marsha J. Pechman
United States Senior District Judge