1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KENNETH I. DEANE, | CASE NO. C19-722 MJP |
|---|---|
| Plaintiff, | ORDER ON MOTION TO AMEND COUNTERCLAIMS |
| v. | |
| THE PACIFIC FINANCIAL GROUP INC., et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Amend Counterclaims (Dkt. No. 46),

2. Plaintiff's Response in Opposition to Defendants' Motion to Amend Counterclaims (Dkt. No. 50),

3. Defendants' Reply in Support of Motion to Amend Counterclaims (Dkt. No. 53),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED; Defendants shall file their amended answer and counterclaims within five days of the date of this order.

ORDER ON MOTION TO AMEND COUNTERCLAIMS - 1

**Background**

Plaintiff worked for Defendant The Pacific Financial Group ("TPFG") for over eleven years, rising to Executive Vice-President for Eastern Sales. His employment was terminated in January 2019; later that year he accepted a position with Advisors Capital Management ("ACM").

Plaintiff filed his complaint in May 2019. Dkt. No. 1. Defendants filed their answer in August 2019. Dkt. No. 21. The case schedule set a discovery deadline of February 20, 2020. Dkt. No. 19. Defendants propounded their first set of discovery requests on October 18, 2019, received responses on December 3 and followed up with supplemental requests on January 3, 2020. Plaintiff did not respond with supplemental responses until February 26. Responses to a second set of discovery requests (sent on December 30) were not received until February 17.

According to the case schedule, the deadline for amending pleadings was September 6, 2019. Dkt. No. 19.

**Discussion**

Defendants assert that the discovery they finally received revealed evidence of alleged additional impropriety on Plaintiff's part, including:

1. Sharing Defendants' confidential information with ACM and soliciting Defendants' referral sources to work with ACM, and

2. Breaches of his contractual duties of confidentiality and loyalty by providing ACM with protected information while still employed with TPFG.

Based on FRCP 15's liberal policy favoring amendments, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Luke v. City of Tacoma, 2018 U.S. Dist. LEXIS 141008, 13 (W.D. Wash. 2018)(*citing* Genentech, Inc. v. Abbott Labs.,

127 F.R.D. 529, 530-31 (N.D. Cal. 1989).  The following factors are relevant when considering whether to allow an amendment:

    1)  Undue delay

    2)  Bad faith or dilatory motive

    3)  Repeated failure to cure deficiencies[1]

    4)  Prejudice to the opposing party

    5)  Futility of amendment

Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court will examine the request through the lens of the applicable factors.

*Undue delay*

While Plaintiff is correct that a portion of the evidence cited by Defendants in support of the amended counterclaims was produced in early December 2019, (a) the materials were still received after the amendment deadline and (b) the other portion of the materials cited were not received until mid-February 2020.  Defense counsel also filed a declaration indicating that she sent Plaintiff's counsel a copy of the proposed amendments on January 22, 2020 and did not hear back from Plaintiff's attorney until Feb. 12 (indicating that Plaintiff would oppose the amendment).  Dkt. No. 47, Decl. of Demmon, ¶ 20.  The motion was filed three weeks later.  The Court finds no undue delay.

*Bad faith*

The Court is unconvinced by Plaintiff's attempt to turn a draft email by his former employer containing some very inflammatory and ill-considered language into evidence that this

---

[1] Neither side maintains that this is a factor here.

motion is motivated by hostility.  The email was never sent and is entirely insufficient as proof that the requested amendment is somehow improperly motivated.

*Prejudice to opposing party*

The Court fails to see how the time which Plaintiff spent responding to Defendant's prior TRO request functions as evidence of prejudice to Plaintiff should Defendants be permitted to file amended counterclaims.  Plaintiff also cites the time required to respond to the new claims and the fact that additional discovery will be required as further proof of prejudice.  No authority is cited indicating that either of these constitutes sufficient prejudice to deny an otherwise valid amendment request.  On the contrary: "Delay alone is not sufficient to establish prejudice, nor is a need for additional discovery."  Mansfield v. Pfaff, C14-0948JLR, 2014 U.S. Dist. LEXIS 105997 at *10 (W.D. Wash. Aug. 1, 2014).

*Futility of amendment*

The Court finds the standard to which Plaintiff wants to hold Defendants' proposed claims goes beyond Iqbal/Twombly to almost summary judgment levels.  Plaintiff attempts to challenge the factual basis of the new claims as *proof* of the cause of action – that is not the standard.  The issue is whether Defendants' claims are facially plausible; "[a] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Hofschneider v. City of Vancouver, 182 F.Supp.3d 1145, 1150 (W.D. Wash. April 21, 2016).

Plaintiff's attack on Defendants' proposed "constructive resignation" claim is particularly unpersuasive.  He argues that the cause of action has been rejected in Washington "when analyzing unemployment compensation cases" (Response at 8), but this is not an unemployment compensation case.  And the Washington Court of Appeals case recognizing the cause of action

of "constructive resignation" (Govier v. North Sound Bank, 91 Wn.App. 493 (Div. 2, 1996)) has never been overturned. Plaintiff goes on to argue that the facts of this case do not support the legal theory, but the Court will not weigh the facts at this stage. Defendant has plead sufficient facts which, if proven, plausibly support the claim.

**Conclusion**

Plaintiff has failed to carry his burden of demonstrating why Defendants should not be permitted to amend their counterclaims as requested. The motion to file an answer with amended counterclaim is granted, and Defendants must file that amended answer within five days of the date of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 13, 2020.

Marsha J. Pechman
United States Senior District Judge