1

2

3                                    THE HONORABLE MARSHA J. PECHMAN

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| KENNETH I. DEANE<br><br>                    Plaintiff,<br><br>     vs.<br><br>PACIFIC FINANCIAL GROUP, Inc., a<br>Washington corporation, MEGAN P. MEADE,<br>an unmarried woman; NICOLAS B. SCALZO,<br>a married man; JAMES C. MCCLENDON,<br>a married man; JAMES C. MCCLENDON and<br>JOAN A. MCCLENDON, a marital community;<br>GAETAN T. SCALZO, a married man;<br>GAETAN T. SCALZO and SHERRIE<br>SCALZO, a marital community,<br><br>                    Defendants. | NO. 2:19-cv-00722-MJP<br><br>AMENDED JOINT PRETRIAL ORDER |

**A.**    **JURISDICTION**

      The parties agree that this Court has jurisdiction over these matters by virtue of 28

U.S.C. § 1332(a) and § 2201(a).

**B.**    **CLAIMS AND DEFENSES**

  Plaintiff will pursue at trial the following claims:

        1.      Breach of contract;

        2.      Willful withholding of wages in violation of RCW 49.52.050;

        3.      Accounting to assure that the appropriate methodology is employed to accurately

               and precisely compute the amounts of plaintiff's termination payments;

4.    Declaratory judgment regarding the proper definition of the term "procured."

Defendants will pursue at trial the following affirmative defenses and counterclaims:

### Affirmative Defenses

1.    Plaintiff's claims and/or damages are barred in whole or in part because Defendants acted in good faith and with proper justification at all relevant times;

2.    Plaintiff's claims and/or damages are barred in whole or in part because all of Defendants' actions with respect to Plaintiff were taken solely for legitimate, business-related reasons;

3.    Plaintiff's employment was at-will, and any changes in Plaintiff's employment, including the termination of his employment, were for legitimate and lawful reasons; and Plaintiff's claims and/or damages may be barred in whole on the basis of the doctrine of after-acquired evidence.

### Defendants' Counterclaims

1.    Breach of contract, non-solicitation;

2.    Breach of contract, duty of loyalty and confidentiality; and

3.    Constructive resignation.

## C.    ADMITTED FACTS

1.    Kenneth I. Deane, born in 1975, received a B.S. in Business Administration from Alfred University in New York in 1998.  Upon graduation he was hired by ICON Capital Corp. advancing from a management trainee to Vice-President of Operations within two years.  In 2002 he transferred to ICON's securities division, where he was employed as a wholesale salesperson until his employment was terminated in 2007.

2.    TPFG, a boutique investment firm providing money management and investment advice, was founded in 1984 by its director James McClendon.  Megan Meade, now Co-CEO, was president of TPFG when it hired Deane.  In 2017, Meade, McClendon, Nick Scalzo and

Gaetan Scalzo merged separate business enterprises and formed Pacific Holdings Group, LLC of which TPFG is one of several operating companies.  Nick Scalzo is currently a Co-CEO along with Meade of TPFG.

3.      Deane was hired by TPFG as a sales representative on or about October 1, 2007. The relationship was memorialized by a written employment agreement effective April 2008.

4.      The execution of the employment agreement was preceded by negotiations between Deane and TPFG.

5.      The employment agreement contains a provision at section 9 that sets forth the reasons for "Termination."

> 9.1      This Agreement shall terminate at any time by mutual agreement of the parties.
>
> 9.2      This Agreement shall terminate in the event of the death or permanent disability of the Employee.   The term "permanent disability" shall mean an inability to perform the duties set forth in paragraph 1 of this Agreement because of illness or physical or mental disability for a period of six (6) months in any twelve (12) month period.
>
> 9.3      Upon fourteen (14) days notice to the other party.
>
> 9.4      Employer may terminate this Agreement at any time without prior notice with "Cause." Cause shall include, without limitation, the occurrence of any of the following:
>
>> 1.  Repeated failure or refusal to carry out the reasonable directions of the Employer's Board of Directors, which directions are consistent with the Employee's duties set forth herein.
>> 2.  The willful engaging by Employee in misconduct which is injurious to the Employer, monetarily or otherwise.
>> 3.  Commitment of a felony or a crime involving moral turpitude.
>> 4.  Misuse of alcohol or controlled substances; intentional misrepresentation, deception, fraud, or dishonesty.

6.    The employment agreement contains a provision at section 10 entitled "Termination Payments."

> 10.1   In the event of termination of the Employee's employment, for whatever reason or for no reason, the Employer shall pay to the Employee all compensation earned but not paid to the Employee prior to the date of such termination.

> 10.2   If Employer terminates Employee's employment without cause or for any other reason not listed in Section 9.4 above, then Employee shall be paid four (4) quarterly termination payments for each year of employment with the Employer, up to a maximum of sixteen (16) quarterly payments following the termination of Employee's employment. Partial years of employment shall be prorated on a quarterly basis. The amount of the quarterly termination payments shall be equal to ten percent (10%) of the quarterly management fees earned and collected by Employer from investor clients procured by the Employee in the Territory during Employee's employment, minus broker/dealer allowances and minus an amount equal to twenty percent (20%) of regional Marketing Expenses expended in the Territory. Payment of the quarterly termination payments shall be paid to Employee at the same interval as payments of commissions were made to Employee immediately prior to termination of Employee's employment. If Employee is terminated for cause, Employee shall not be entitled to receive any of the foregoing quarterly termination payments.

7.    The employment agreement contains a provision at section 4 entitled "Duties."

> The Employee is engaged hereunder to render services as a sales representative for Employer's investment advisory and money management services. Employee shall conduct his sales activities in the state of Alabama, Arkansas, Connecticut, Delaware, District of Columbia, Florida, Georgia, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Maryland, Michigan, Mississippi, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, and West Virginia ("Territory"). Employee may conduct sales activities outside of the Territory with the prior written consent of the Employer. Employer reserves the right to modify the scope of the Territory during the term of Employee's employment with Employer. If the Employer modifies the scope of the Territory and

such modification results in an overall net reduction of Employee's income, then Employee shall continue to be paid quarterly commission payments in an amount equal to ten percent (10%) of the quarterly management fees earned and collected by the Employer from investor clients procured by the Employee in the reassigned Territory, minus broker/dealer allowances and minus an amount equal to twenty percent (20%) of regional Marketing Expenses expended in the reassigned Territory.  Employee shall be paid four (4) quarterly commission payments as provided herein for each year of employment up to a maximum of sixteen (16) quarterly payments following the Employer's modification if the scope of the Territory.   Partial years of employment shall be prorated on a quarterly basis.

8.    The employment agreement contains a provision at section 5 entitled "Devotion of Full Time to Employment."

The Employee shall devote his full time, energy, and attention to the performance of his duties for the Employer; provided, however, that nothing herein contained shall prohibit the Employee from participating in other activities during his own time to the extent that such activities do not adversely affect the interest of the Employer.

9.    The employment agreement contains a provision at section 11 entitled "Confidentiality."

Employee recognizes and acknowledges that during the course of Employee's employment, Employee shall have access to certain information not generally known to the public relating to the business of Employer, which may include, without limitation, investor client lists, sales and business information, investment methods and strategies, projections, research work, trade secrets, source codes, and software programs owned by Employer, corporate marketing plans and procedures, or any other proprietary or confidential matter (collectively "Confidential Information"). Employee recognizes and acknowledges that this Confidential Information constitutes a valuable, special, and unique asset of Employer, access to and knowledge of which are essential to the performance of Employee's duties.  Employee acknowledges and agrees that all such Confidential Information, including, without limitation, that which Employee conceives or develops, either alone or with others, at any time during his employment by Employer, is and shall remain the exclusive property of Employer and upon

termination of Employee's employment, no tangible form of such information or copies shall be retained by Employee in any form. Employee further recognizes, acknowledges, and agrees that in order to enable Employer to perform services for third parties, such third parties may furnish to it Confidential Information concerning their business affairs, property, methods of operating, or other data that the good will afforded to Employer depends upon it and its Employees preserving the confidentiality of such information, and that such information shall be treated as Confidential information of Employer for all purposes under this Agreement.

10.    The employment agreement contains a provision at section 12 entitled "Non-solicitation."

In view of the unique value to Employer of Employee's services, the scope of Employer's business, the Employee's ability to gain employment, using his existing skills, with businesses directly or indirectly competing with Employer's business, and because of the confidential information to be obtained by or disclosed to Employer, Employer agrees to abide and by bound by the restrictions and prohibitions of this Section 12, which restrictions are intended by the parties to extend to any and all activities of the Employee, whether as an independent contractor, partner, or joint venturer, or as an officer, director, stockholder, agent, or employee for any person, firm, partnership, corporation, or other entity, or otherwise.

12.1    **Prohibition Against Solicitation.**  During the term of the Employee's employment, whether pursuant to this Agreement or otherwise, and for a period of twelve (12) months following the termination or expiration of this Agreement or any extension thereto, or following the termination of his employment with the Employer, regardless of the reason for such termination, the Employee shall not, without the prior written consent of Employer, (1) directly or indirectly, solicit the services of any the employees or investor clients of the Employer with the purpose of causing such persons to terminate their employment or business relationship with the Employer, as the case may be, (2) cause, induce, or attempt to cause or induce any of Employer's custodians, consultants, or referral sources or any other business relation of Employer to cease doing business with Employer or in any way interfere with the relationship between Employer and its custodians, consultants, and referral sources, or (3) directly or indirectly, engage, employ, or otherwise hire any of the employees of the Employer.

12.2 **Automatic Extension of Restricted Time Period**. The person of time during which the Employee is prohibited from engaging in certain business practices pursuant to Section 12.1 shall be extended by the length of time during which the Employee is found to be in breach of such covenants by the court.

12.3 **Restrictive Covenants as Essential Elements of this Agreement.** It is understood by and between the parties hereto that the foregoing restrictive covenants set forth in Section 12.1 are essential elements of this Agreement, and that, but for the agreement of the Employee to comply with such covenants, the Employer would not have agreed to enter into this Agreement. Such covenants by the Employee shall be construed as agreements independent of any other provision in this Agreement. The existence of any claim or cause of action of the Employee against the Employer, whether predicated on this Agreement, or otherwise, shall not constitute a defense to the enforcement by the Employer of such covenants.

12.4 **Divisibility of Covenants; Survivability**

1. It is agreed by the Employer and the Employee that if any portion of the covenants set forth in this Section 12 are held to be invalid, unreasonable, arbitrary, or against public policy, then such portion of such covenants shall be considered divisible. The parties agree that, if any court of competent jurisdiction determines any provision of this Section 12 to be invalid, unreasonable, arbitrary or against public policy, a lesser reasonable restriction may be enforced against the Employee. The Employer and the Employee agree that the foregoing covenants are appropriate and reasonable when considered in light of the nature and extent of the business by the Employer.

2. The restrictive covenants and the duties, obligations and responsibilities covenants of the Employee herein contained shall be deemed independent and separable from the rest of this Agreement and shall survive the execution and any termination or expiration hereof; and in the event of termination or expiration hereof shall continue to bind the parties hereto and continue in full force and effect until each and every obligation herein shall have been fully performed.

11. Beginning in 2014, Regional Wholesalers were hired in Deane's division by TPFG.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

12.     To accommodate changes in how TPFG business was conducted, Deane's employment agreement was amended.  The last amendment became effective January 1, 2018.

13.     Beginning in the latter part of 2017, Meade and Nick Scalzo began discussions with Deane about changes to his role at TPFG.  On June 15, 2018, Meade and Scalzo sent an email to Deane and Sylvain Templeman.

14.     Between June 2018 and December 2018, Deane and TPFG attempted to renegotiate Deane's duties and compensation.  Deane remained a TPFG employee during that time, receiving his commissions and benefits and was still responsible for meeting his performance obligations under his employment agreement.

15.     On October 30, 2018, Deane emailed Meade and Nick Scalzo regarding "savings." On November 2, 2018, Meade and Nick Scalzo emailed Deane directing him to set up a time to meet them in the Newport Beach office the week of November 12.

16.     On November 14, 2018, Meade emailed Deane a letter from her and Nick Scalzo containing a proposal for a new position.  Later that same day, Deane responded and said he was rejecting the proposal.

17.     After Deane's response to TPFG's offer of November 14, Meade wrote on November 15 that Deane "take a month off and go explore the space." During that time, after consulting with Meade and getting her approval, he responded to client needs, including attending meetings for TFPG in Boston, Massachusetts and State College, Pennsylvania.  Deane continued to receive his full compensation from TPFG during this time.

18.     On November 17, 2018, Deane contacted Meade who asked him to submit a counter proposal to the November 14 offer.  Deane sent Meade an email response to her request on November 18, 2018.

19.     On December 7, 2018, Nick Scalzo, Meade and Deane agreed to meet on December 11 and 12 to discuss a future role for Deane at TPFG.  They met on December 11 and 12 in Fort Lauderdale, Florida.

20.     On December 23, 2018, Nick Scalzo sent a second offer.

21.     On December 26, 2018, Deane sent an email to Meade, Nick Scalzo, and McClendon, rejecting TPFG's latest offer.

22.     The parties exchanged emails between December 28, 2018, and January 3, 2019, regarding their respective positions.

23.     Counsel for the parties communicated directly with each other beginning January 10, 2019.

24.     In-house counsel for TPFG emailed Deane's counsel on January 22, 2019, informing him that Deane's employment with TPFG was terminated effective that day.

25.     Through the month ending August 31, 2020, Plaintiff has been paid $484,367.77 in monthly termination payments.

26.     Through the quarter ending June 30, 2020, Plaintiff has been paid $96,951.02 in quarterly termination payments.

27.     Since July 1, 2018 TPFG and Meade, Nick Scalzo, McClendon, and Gaetan Scalzo were all officers at TPFG and its affiliated companies.

## D.     ISSUES OF LAW

Plaintiff's Issues of Law

1.  Did defendant TPFG breach its employment agreement with plaintiff Kenneth I. Deane by making termination payments in accordance with TPFG's definition of the term "procured?"  If the Court so finds should it award Deane compensatory damages and attorney fees and costs?

2.  Did defendant TPFG act willfully and in violation of RCW 49.52.050 by making termination payments to Kenneth I. Deane utilizing TPFG's definition of the term "procured?" If the Court so finds should it award Deane exemplary damages and attorney fees and costs?

3.  Did defendant Megan Meade act willfully and in violation of RCW 49.52.050 by making termination payments to Kenneth I. Deane utilizing TPFG's definition of the term "procured?" If the Court so finds should it award Deane exemplary damages and attorney fees and costs in accordance with RCW 49.52.070?

4.  Did defendant Nicholas Scalzo act willfully and in violation of RCW 49.52.050 by making termination payments to Kenneth I. Deane utilizing TPFG's definition of the term "procured?" If the Court so finds should it award Deane exemplary damages and attorney fees and costs in accordance with RCW 49.52.070?

5.  Did defendant James McClendon act willfully and in violation of RCW 49.52.050 by making termination payments to Kenneth I. Deane utilizing TPFG's definition of the term "procured?" If the Court so finds should it award Deane exemplary damages and attorney fees and costs in accordance with RCW 49.52.070?

6.  Did defendant Gaetan Scalzo act willfully and  in violation of RCW 49.52.050 by making termination payments to Kenneth I. Deane utilizing TPFG's definition of the term "procured?" If the Court so finds should it award Deane exemplary damages and attorney fees and costs in accordance with RCW 49.52.070?

7. Is plaintiff Kenneth I. Deane entitled to an accounting to determine the accurate and precise amount of the termination payment to which he is entitled under his employment agreement?

8.  How should the term "procure" be defined for purposes of determining termination payments under Section 10 of the employment agreement?

**Defendants' Proposed Alternative to Plaintiff's inclusion of this sentence after statements 2-6: "If the Court so finds should it award Deane exemplary damages and attorney fees and costs in accordance with RCW 49.52.070?"**

9. If the Court finds any or all Defendants violated RCW 49.52.050, in accordance with RCW 49.52.070, should Defendants be jointly and severally liable for attorneys' fees and costs and exemplary damages in an amount equal to the amount of unpaid wages and not according to any multiplier as suggested by Plaintiff?

Defendants' Issues of Law

1. Did Plaintiff breach his duty of loyalty?

2. Did Plaintiff breach his duty of confidentiality?

3. Did Plaintiff constructively resign from his position at TPFG?

4. If the Court finds that Plaintiff violated the non-solicitation provision of his employment agreement, should the non-solicitation period be extended and/or should the Court enter an injunction prohibiting future violations?

5. If the Court finds that Plaintiff violated the confidentiality provision of his employment agreement, should Defendants be awarded damages, attorney's fees and/or an injunction prohibiting future violations?

6. If the Court finds that Plaintiff violated the duty of loyalty provision of his employment agreement, should Defendants be awarded damages and attorney's fees?

7. If the Court finds that Plaintiff constructively resigned, should Defendants be awarded damages, attorney's fees and/or a declaration that TPFG is relieved from its obligations to make any further termination payments under the employment agreement?

**E.    Expert Witnesses**

1.  On behalf of Plaintiff:

C. Frederick DeKay, Ph.D.
6313 N.E. 194th Street
Kenmore, WA  98028
(425) 478-4790
Plaintiff's economic damages

2.  On behalf of Defendant:

Arik Van Zandt
Alvarez & Marsal Valuation Services, LLC
1111 Third Ave., Suite 2450
Seattle, WA 98101
Plaintiff's economic damages

**F.    Other Witnesses**

1.  On behalf of Plaintiff:

(a)    Will likely testify:

| Name | Address | Nature of testimony: |
|------|---------|----------------------|
| Plaintiff Kenneth Deane | c/o: Jon H. Rosen<br>The Rosen Law Firm<br>705 2nd Avenue, Suite 1200<br>Seattle, WA 98104 | Personal and work history;<br>Employment Agreement;<br>Termination; Damages |
| Scott Friel | 16708 X Street<br>Omaha, NE  68135 | Deane's value and accomplishments at TPFG;<br>Employment Agreement;<br>Defendants' willfulness;<br>Damages |
| Sylvain Templeman | 237 Shannon Dr. SE<br>Bainbridge Island, WA  98110 | Deane's value and accomplishments at TPFG;<br>Employment Agreement;<br>Defendants' willfulness;<br>Damages |

| Jill Dildine | 261 140th Ave. NE<br>Bellevue, WA  98005 | Deane's value and accomplishments at TPFG; Employment Agreement; Defendants' willfulness; Damages |
|---|---|---|
| Brian McGinnis | 3030 N. Rocky Point Dr. W.<br>Suite 700<br>Tampa, FL  33607 | Deane's value and accomplishments at TPFG and procurement of investor clients |
| Carlos Rodriguez | 3030 N. Rocky Point Dr. W.<br>Suite 700<br>Tampa, FL  33607 | Deane's value and accomplishments at TPFG and procurement of investor clients |
| Jason Luhan | The Pacific Financial Group<br>11624 S.E. 5th St., Suite 100<br>Bellevue, WA  98005 | Defendant TPFG's development of its definition of "procured."<br><br>Defendants object to Mr. Luhan testifying at trial.  He is General Counsel for TPFG, and therefore, his communications with his client are protected by attorney-client privilege. To the extent Plaintiff intends to ask him about his communications with Mr. Rosen, those questions likely implicate the attorney-client privilege, and create a situation by which Mr. Rosen becomes a witness as well. |
| Melissa McNeill | 19031 Carsonwood Ave.<br>Deephaven, MN  55391 | Deane's value and accomplishments at TPFG and Defendants' willfulness. |
| Jennifer Rowe<br>(deposition designation) | 8914 Northeast 39th St.<br>Kirkland, WA  98034 | Research and analysis of TPFG's investor client database to determine if any account closures were due to the alleged conduct of plaintiff.<br><br>Defendants object to Ms. Rowe being presented through deposition testimony rather than live testimony. |

| | | |
|---|---|---|
| Defendant Jim McClendon (deposition designation) | c/o: David W. Silke          Nicole E. Demmon          Michael C. Tracy Gordon Rees Scully Mansukhani, LLP 701 5th Ave., Suite 2100 Seattle, WA 98104 | Defendant McClendon's knowledge and role in determining the amounts of termination payments for plaintiff Ken Deane and his knowledge regarding the economic losses of TPFG attributed to the alleged conduct of plaintiff Deane. |
| Defendant Gaetan Scalzo (deposition designation) | c/o: David W. Silke          Nicole E. Demmon          Michael C. Tracy Gordon Rees Scully Mansukhani, LLP 701 5th Ave., Suite 2100 Seattle, WA 98104 | Defendant Scalzo's knowledge and role in determining the amounts of termination payments for plaintiff Ken Deane and his knowledge regarding the economic losses of TPFG attributed to the alleged conduct of plaintiff Deane. |

(b)   May testify:

| Name | Address | Nature of testimony: |
|---|---|---|
| Kenneth Gregg | 687 Palos Verde Dr. Satellite Beach, FL  32937 | Deane's value and accomplishments at TPFG and procurement of investor clients. |
| David Lieberman | 32 Bayberry Drive Mahwah, NJ  07430 | Employment and business negotiations with plaintiff; contacts with Brian McGinnis and Carlos Rodriguez. |
| Michael Lieberman | Advisors Capital Management 10 Wilsey Square, #200 Ridgewood, NJ  07430 | Employment and business negotiations with plaintiff; business of Advisors Capital Management . |
| Monique Nuetzel | The Pacific Financial Group 11624 SE 5th Street, Suite 100 Bellevue, WA  98005 | Processing the termination of Ken Deane, the authenticity of documents maintained by TPFG in Mr. Deane's personnel file, her responsibilities as the custodian of personnel and human resources records, her knowledge of actions taken by |

| | | TPFG as a result of conduct of defendant Nick Scalzo.<br><br>Defendants object to this late named witness. Plaintiff disclosed Ms. Neutzel for the first time on October 10, 2020, well-after the discovery cutoff and after transmitting his pretrial statement. |
| --- | --- | --- |

2.     On behalf of Defendants:

(a)     Will likely testify:

| Name | Address | Nature of testimony: |
| --- | --- | --- |
| Plaintiff Kenneth Deane | c/o: Jon H. Rosen<br>The Rosen Law Firm<br>705 2nd Avenue, Suite 1200<br>Seattle, WA 98104 | Facts and circumstances surrounding his employment; his resignation from employment; his claims, allegations, and alleged damages; solicitation of TPFG referral sources; retention and dissemination of confidential TPFG information; Plaintiff and ACM's "joint venture" |
| Defendant Megan Meade | c/o: David W. Silke<br>       Nicole E. Demmon<br>       Michael C. Tracy<br>Gordon Rees Scully<br>Mansukhani, LLP<br>701 5th Ave., Suite 2100<br>Seattle, WA 98104 | Facts and circumstances surrounding Plaintiff's employment; Plaintiff's resignation from employment; Plaintiff's claims, allegations, and alleged damages; TPFG's policies, practices, and procedures; TPFG's damages |
| Defendant Nick Scalzo | c/o: David W. Silke<br>       Nicole E. Demmon<br>       Michael C. Tracy<br>Gordon Rees Scully<br>Mansukhani, LLP<br>701 5th Ave., Suite 2100<br>Seattle, WA 98104 | Facts and circumstances surrounding Plaintiff's employment; Plaintiff's resignation from employment; Plaintiff's claims, allegations, and alleged damages; TPFG's policies, practices, and procedures; TPFG's damages |

| Defendant Jim McClendon | c/o: David W. Silke<br>     Nicole E. Demmon<br>     Michael C. Tracy<br>Gordon Rees Scully<br>Mansukhani, LLP<br>701 5th Ave., Suite 2100<br>Seattle, WA 98104 | Facts and circumstances surrounding Plaintiff's employment; Plaintiff's resignation from employment; Plaintiff's claims, allegations, and alleged damages; TPFG's policies, practices, and procedures. |
|---|---|---|
| Defendant Gaetan Scalzo | c/o: David W. Silke<br>     Nicole E. Demmon<br>     Michael C. Tracy<br>Gordon Rees Scully<br>Mansukhani, LLP<br>701 5th Ave., Suite 2100<br>Seattle, WA 98104 | Facts and circumstances surrounding Plaintiff's employment; Plaintiff's resignation from employment; Plaintiff's claims, allegations, and alleged damages; TPFG's policies, practices, and procedures. |
| Jill Dildine | c/o: David W. Silke<br>     Nicole E. Demmon<br>     Michael C. Tracy<br>Gordon Rees Scully<br>Mansukhani, LLP<br>701 5th Ave., Suite 2100<br>Seattle, WA 98104 | Plaintiff's termination payments; damages; TPFG's policies, practices, and procedures. |
| Brian McGinnis | Serve and Protect Financial<br>13156 Spring Hill Dr.<br>Spring Hill, FL 34609 | Plaintiff's solicitation of TPFG referral sources and role at TPFG. |
| Michael Lieberman<br>(deposition designation) | Advisors Capital Management, LLC<br>10 Wilsey Square, Suite 200<br>Ridgewood, NJ 07450 | Defendants' counterclaims |
| ACM (David Lieberman)<br>(deposition designation) | Advisors Capital Management, LLC<br>10 Wilsey Square, Suite 200<br>Ridgewood, NJ 07450 | Defendants' counterclaims |

    (b)    May testify:
           None at this time.

## G.    Exhibits

    See enclosed exhibit list.

## H.    Actions by the Court

1.  The case is scheduled for a bench trial before the Court beginning on October 26, 2020, at 9:00 A.M.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 26th day of October, 2020.

The Honorable Marsha J. Pechman
United States District Judge

1

2

DATED:  October 22, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted by:

The Rosen Law Firm

By:  */s/ Jon Howard Rosen*
  Jon Howard Rosen, WSBA #7543
  705 Second Avenue, Suite 1200
  Seattle, WA  98104-1798
  Phone: 206-652-1464
  Fax: 206-652-4161
  Email: jhr@jonrosenlaw.com

Attorney for Plaintiff Kenneth I. Deane

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ David W. Silke*
  David W. Silke, WSBA #23761
  Nicole E. Demmon, WSBA #45322
  Michael C. Tracy, WSBA #51226
  Gordon Rees Scully Mansukhani, LLP
  701 Fifth Avenue, Suite 2100
  Seattle, WA 98104
  Phone: (206) 695-5100
  Fax:  (206) 689-2822
  E-Mails: dsilke@grsm.com;
  ndemmon@grsm.com; mtracy@grsm.com

Attorneys for Defendants:

Pacific Financial Group, Inc.; Megan P. Meade;
Nicholas B. Scalzo; James C. McClendon and
Joan A. McClendon; and Gaetan T. Scalzo and
Sherrie Scalzo

| No. | Date | Description | Dep. Exhibit No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
|  | **JOINT TRIAL EXHIBITS** |
| 1 | | Pacific Holdings Group Managing Members (Bates No. TPFG 000864) | 1 | X | | | |
| 2 | | Employment Agreement (Bates Nos. Deane/TPFG -00001-00009) | 3 | X | | | |
| 3 | 6/15/18 | Email from Meade to Templeman and Deane re: Plans going forward (Bates Nos. Deane/TPFG 00010-00011) | 4 | X | | | |
| 4 | 11/14/18 | Email from Meade to Deane re: Ken's Offer Letter (attaching Ken Deane Deal Points) (Bates Nos. Deane/TPFG 00012-00014) | 5 | X | | | |
| 5 | 12/23/18 | Email from Scalzo to Deane re: New Comp Worksheet (Memo of Understanding on New Position for Ken Deane) (Bates Nos. Deane/TPFG 00019-00022) | 6 | X | | | |
| 6 | 11/18/18 | email from Deane to Meade re: Plan for 2019 (attachment: East Division for 2019) (Bates Nos. Deane/TPFG 00015-00016) | 7 | X | | | |
| 7 | 12/23-25/18 | Email string between Deane, Scalzo, Meade, McClendon re: No Comp Worksheet | 8 | X | | | |
| 8 | 12/29/18 | Email from Meade to Deane re: New Comp Worksheet (Bates No. Deane/TPFG 00024) | 9 | X | | | |

| 9 | | Texts: Scalzo/Meade/Deane (Bates Nos. Deane-TPFG 002327-02333) | | X | | | |
| 10 | | Texts: Scalzo/Deane (Bates Nos. Deane-TPFG 002334-002338) | | | X<br>Duplicate of DEX 246. Relevance and prejudicial as to December 12 texts. Should be redacted.  (ER 401 – 403)<br>Character evidence (FRE 404) | | |
| 11 | | Texts: Meade/Deane (Bates Nos. Deane-TPFG 002339-002343) | | X | | | |
| 12 | 1/3/19 | Email from Meade to Deane re: New Comp Worksheet<br>(Bates No. TPFG 017885-17891) | | X | | | |
| 13 | 10/29/18 | Email from Scalzo to Meade re: edit please (attaching letter to Ken)<br>(Bates Nos. TPFG 000019-000023) | 12 | | X<br>Relevance (FRE 401-402)<br>Prejudicial (FRE 403)<br>Character evidence (FRE 404) | | |
| 14 | | Text messages :Scalzo/Meade/Deane<br>(Bates Nos. Deane/TPFG 00028-00039) | 13 | | X RE 28-29<br>Relevance (FRE 401-402)<br>Prejudicial (FRE 403)<br>Character evidence (FRE 404) | | |
| 15 | | Text messages: Meade/Deane  (Bates Nos. TPFG 013448-013472) | 117 | X | | | |
| 16 | | Termination Checklist (Bates No. TPFG 000537) | 19 | | X<br>Relevancy (FRE 401-402)<br>Hearsay (FRE 801 - 805) | | |
| 17 | 1/10-24/19 | Email string between Luhan and Rosen re: Termination of Deane (Bates Nos. Deane-TPFG 002625-002637) | 20 | | X<br>Settlement (FRE 408)<br>Relevance (FRE 401-402)<br>Hearsay (FRE 801 - 805) | | |
| 18 | 6/11/14 | Letter from Meade to Deane (Bates No. TPFG 000296) | 21 | | X<br>Settlement (FRE 408)<br>Relevance (FRE 401-402) | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | Hearsay (FRE 801 - 802) Character evidence (FRE 404) | | |
| 19 | 1/10/19 | Letter from Rosen to Meade re: Termination of Ken Deane | 22 | X | | | |
| 20 | | Text messages - Deane/Templeman (Bates Nos. Deane/TPFG 000400-000448) | 24 | X | X Hearsay as to parts (FRE 801-802) | | |
| 21 | | Text Messages – Scalzo/Meade/Deane (Bates Nos. Deane-TPFG 002267-002271) | | X | X Duplicate of PEX 227 | | |
| 22 | | Text Messages – Scalzo/Deane (Bates Nos. Deane-TPFG 002272-002276) | | | X Duplicate of DEX 226 | | |
| 23 | | Text Messages – Meade/Deane (Bates Nos. Deane-TPFG 002277-002279) | | X | X Duplicate of DEX 225 | | |
| 24 | 12/1/17 | Letter from Meade to Deane (Bates Nos. TPFG 000 (illegible) | 59 | X | | | |
| 25 | 6/2018 | Spreadsheet (Bates Nos. Deane/TPFG-002250-002251) | 60 | | X Relevance (FRE 401-402) | | |
| 26 | 6/18-9/18 | Spreadsheet (Bates Nos. Deane/TPFG-002252-002253) | 61 | | X Relevance (FRE 401-402) | | |
| 27 | 1/5/17-10/18/19 | Payroll Register for Ken Deane (Bates Nos. TPFG 000865-000871) | 62 | X | | | |
| 28 | | Spreadsheet (Bates Nos. TPFG 017066-017070) | 63 | | X Relevance (FRE 401-402) | | |
| 29 | | Payroll data (Bates Nos. TPFG 017050-017065) | 64 | | X Relevance (FRE 401-402) | | |
| 30 | | Summary Monthly Commissions Allocation (Bates Nos. TPFG 000935 & various bates nos.) | 65 | | X Duplicate of DEX 305 | | |

| 31 | 1/23/19 | Email and attachment (showing Q4 commissions) from Mladenova to Deane<br><br>(Bates Nos. Deane/TPFG-002236-002239) | 66 | | X<br>Relevance (FRE 401-402) | | |
| 32 | 12/8/18 | Email and attachment (monthly commissions) from Mladenova to Deane<br><br>(Bates Nos. Deane/TPFG-002234-002236) | 67 | | X<br>Relevance (FRE 401-402) | | |
| 33 | | TPFG Summary Monthly Commissions Allocation<br><br>(Bates No. Deane/TPFG-002254) | 68 | | X<br>Relevance (FRE 401-402) | | |
| 34 | | Photograph of Spreadsheet (NTF as of 10.31.18 by Account) (3 pages - no bates nos.) | 69 | X | | | |
| 35 | 2/4/19 | Email and attachment (monthly commissions for Dec. 2018 and corrected Q4 commissions) (Bates Nos. Deane/TPFG-002240-002244) | 70 | X | | | |
| 36 | 11/7/07 | Facsimile transmission from Dildine to Purcell re: Background Check<br><br>(Bates Nos. TPFG 000123-000127) | 71 | | X<br>Relevance (FRE 401-402) | | |
| 37 | | Summary of Predictive Index® Results<br><br>(Bates Nos. TPFG 000112-000114) | 72 | | X<br>Relevance (FRE 401-402) | | |
| 38 | 4/1/08 | Email and attachment, from McKenzie to Deane re: Enrollment Notice<br><br>(Bates Nos. TPFG 000135-000140) | 73 | | X<br>Relevance (FRE 401-402) | | |
| 39 | 7/28/08 | Email string re: Ken took his series 65 today…<br><br>(Bates No. TPFG 000153) | 74 | | X<br>Relevance (FRE 401-402) | | |
| 40 | | Form U4, Kenneth Deane (Bates Nos. TPFG 000471-000482) | 75 | | X<br>Relevance (FRE 401-402) | | |

| 41 | | Form U5, Kenneth Deane (Bates Nos. TPFG 000526-000530) | 76 | | X<br>Relevance (FRE 401-402)<br>Hearsay (FRE 801 - 802) | | |
|----|--|---|----|--|---|--|--|
| 42 | | Letter of Intent<br>(Bates No. TPFG 000103) | 77 | X | | | |
| 43 | | Draft Employment Agreement<br>(Bates Nos. TPFG 000333-000340) | 78 | X | | | |
| 44 | | Draft Employment Agreement<br>(Bates Nos. TPFG 000341-000347) | 79 | X | | | |
| 45 | | Draft Employment Agreement<br>(Bates Nos. TPFG 000356-000364) | 80 | X | | | |
| 46 | | Draft Employment Agreement<br>(Bates Nos. TPFG 000348-000355) | 81 | X | | | |
| 47 | | Draft Employment Agreement<br>(Bates Nos. TPFG 000382-000390) | 82 | X | | | |
| 48 | | Draft Employment Agreement<br>(Bates Nos. TPFG 000115-000122) | 83 | X | | | |
| 49 | 5/20/08-6/5/08 | Email string between Meade, Deane and Dildine re: LJC Cusano, Esq.; Agreement review<br>(Bates Nos. TPFG 000156-000158) | 84 | | X<br>Relevance (FRE 401-402)<br>Hearsay (ER 801-802) | | |
| 50 | | Email string: Meade/Frost (Bates Nos. Deane-TPFG 00053-00055) | 116 | | X<br>Relevance (FRE 401-402)<br><br>Hearsay (ER 801-802) | | |
| 51 | 1/26/08 | Email string between Deane, Dildine and Meade re: Commissions – Final<br>(Bates Nos. TPFG 000175-000176) | 85 | | X<br>Relevance (FRE 401-402)<br>Confusion (FRE 403) | | |
| 52 | 3/5/12 | Letter from Meade to Deane re: amendment to schedule A of contract<br>(Bates No. TPFG 0002??) | 86 | X | | | |

| 53 | 3/7/12 | Email and attachment (amendment to Schedule A), from Dildine to Deane re: Amendment to Contract (Bates Nos. TPFG 000173-000174) | 87 | X | | | |
| 54 | 8/1/11 | Letter from Meade to Deane re: Darrell's contract (Bates No. TPFG 000179) | 88 | X | | | |
| 55 | 2/29/12 | Email from Dildine to Deane re: Monthly commissions to Wholesalers for Mutual Fund Income (Bates No. TPFG 000172) | 89 | | X<br>Relevance (FRE 401-402)<br>Confusion (FRE 403) | | |
| 56 | | Draft Employment Agreement (April 1, 2017) (Bates Nos. TPFG 000315-000323) | 90 | X | | | |
| 57 | 6/15-20/18 | Email string between Deane and Dildine re: Draft of National Commissions Paid Out (Bates Nos. TPFG 000???-000??? – 5 pages) | 91 | X | | | |
| 58 | 6/27/18 | Email string between Dildine, Scalzo, Meade re: Confirmation of Repayment of Scott's Salary (Bates Nos. TPFG 000535-000536) | 92 | X | | | |
| 59 | 6/30/18 | Email from Deane to Dildine re: repayment of SF (Bates No. TPFG 000429) | 93 | X | | | |
| 60 | | Employment Agreement (redacted) (Bates Nos. TPFG 017083-017091) | 94 | X | | | |
| 61 | | Defendant Nicholas Scalzo's Supplemental Answers and Objections to Plaintiff's First Set of Interrogs and Requests for Production | 95 | | X<br>Relevance (FRE 401-402)<br>Not the final supplement. | | |
| 62 | | Pacific Holdings, LLC (WA) Chart (Bates No. TPFG 013419) | 97 | X | | | |

| 63 | | Draft Employment Agreement (Bates Nos. Deane/TPFG 00056-00064) | 100 | X | | | |
| 64 | | Text messages: Meade/Deane (Bates No. Deane/TPFG 00067) | 103 | | X<br>Not best evidence/document. DEX 227 is a more complete version | | |
| 65 | 11/14/18 | Email with attachment (offer letter) from N. Scalzo to Meade and Molloy re: Ken Deane Deal Points (Bates Nos. TPFG 000016-000018 and 000013-000015) | 104 | X | | | |
| 66 | | Text messages: Scalzo/Meade/Deane (Bates Nos. Deane/TPFG 00068-00071) | 105 | | X<br>Duplicate of PEX 14 (FRE 403)<br>Relevance (FRE 401-402)<br>Prejudicial (FRE 403)<br>Character evidence (FRE 404) | | |
| 67 | 11/15/18 | Email from Meade to Deane dated 11/15/18 re: Ken's Offer Letter (Bates Nos. 017204-017206) | | X<br>**Typo should be 204-205** | | | |
| 68 | | Text messages: Meade/N. Scalzo/J. McClendon/G. Scalzo (Bates Nos. TPFG 013482-013483) | 107 | X | | | |
| 69 | | W-2 Forms (2018 and 2019) and 1099-Misc. 2019 – Kenneth I. Deane (Bates Nos. Deane-TPFG 002703-002705) | 108 | | X<br>Relevance (FRE 401-402)<br>Produced 10/14/20 | | |
| 70 | | Text messages: Scalzo/Deane (Bates No. Deane/TPFG 00050) | 109 | | X<br>Duplicative (FRE 401-402) | | |
| 71 | 2/5-8/19 | Email string between Luhan and Rosen re: Ken Deane – phone and laptop (Bates Nos. Deane-TPFG 002638-002655) | 110 | | X<br>Settlement (FRE 408) | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 72 | | Email string between Luhan and Rosen (Bates Nos. Deane-TPFG 002656-002657) | | | X<br>Settlement (FRE 408)<br>Relevance (FRE 401-402)<br>Lacks foundation, legal conclusions, and opinions of non-witness. | | |
| 73 | | Email string between Luhan and Rosen (Bates Nos. Deane-TPFG 002658-002661) | | | X<br>Settlement (FRE 408) | | |
| 74 | | AT&T Mobility Statement<br>(Bates Nos. AT&T_GRSM 000529 & 000566) | 136 | X | | | |
| 75 | | Calls with Brian McGinnis (Bates Nos. Deane-TPFG 002699-002702) | 137 | | | X<br>Authenticity.  Creator unknown; accuracy cannot be verified (FRE 901) | |
| 76 | | Text messages: McGinnis/Deane<br>(Bates Nos. Deane/TPFG 001845-001855) | 138 | X | | | |
| 77 | | Text messages: McGinnis/Deane<br>(Bates No. Deane/TPFG 002299) | 139 | X | | | |
| 78 | | Text messages: McGinnis/Scalzo<br>(Bates Nos. TPFG 017175-017185) | 140 | X | | | |
| 79 | 7/17/20 | Letter from C. Frederick DeKay, Ph.D. to Jon Rosen:  Preliminary Economic Damages Analysis for Mr. Ken Deane (subject to revision before trial) (Bates Nos. Deane-TPFG 002662-002698) | | | | X<br>Hearsay (FRE 801-803)<br>Authenticity (FRE 901)<br>Produced version has pen markings<br>Relevance (FRE 401-402) including improper and inadmissible expert opinions.<br>Foundation (FRE 602; 402) | |
| 80 | 10/30/18 | Email from Ken Deane to Megan Meade<br>(Bates No. Deane-TPFG 002316) | | X | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 81 | 11/2/18 | Email chain between Ken Deane, Megan Meade and Nick Scalzo (Bates No. Deane/TPFG 002314) | | X | | |
| 82 | | Employment Agreement effective July 1, 2008 between The Pacific Financial Group, Inc. and Scott Friel (Bates Nos. Deane-TPFG 002317-2326) | | | X<br>Relevance (FRE 401-402) | |
| 83 | | Severance Agreement and General Release entered into between The Pacific Financial Group, Inc., Pacific Financial Group, LLC and ProTools, Inc. and Scott Friel – June/July 2019) (Bates Nos. Deane/TPFG 002259-2266) | | | X<br>Relevance (FRE 401-402)<br>Prejudicial, confusion (FRE 403)<br>Confidentiality of agreement (3(c)) | |
| 84 | | Texts: Rodriguez/Deane (Bates Nos. Deane-TPFG 002280-002298) | | | X<br>Relevance (FRE 401-402)<br><br>Hearsay (FRE 801-802) | |
| 85 | | Texts: Bosch/Hamm/Deane (Bates Nos. Deane-TPFG 002300-002304) | | | X<br>Relevance (FRE 401-402)<br><br>Hearsay (FRE 801-802) | |
| 86 | | Texts: Bosch/Deane (Bates Nos. Deane-TPFG 002305-002312) | | | X<br>Relevance (FRE 401-402)<br><br>Hearsay (FRE 801-802) | |
| 87 | | Deane calendars – April 2011-January 2019 (Bates Nos. Deane-TPFG 001859-001952) | | | X<br>Relevancy outside of June 2018-January 2019  (FRE 401-402) | |
| 88 | | Texts: Scalzo/Deane (Bates Nos. Deane-TPFG 002706-002711) | | | X<br>Relevance (FRE 401-402) | |
| 89 | | Texts: Templeman/Deane (Bates Nos. Deane-TPFG 002712-002715) | | | X<br>Hearsay (FRE 801-802)<br>Duplicative (FRE 401-402) | |

| 90 | | Ken Deane Commission Calculation paid July 1 for May 2019 – monthly (Bates Nos. Deane-TPFG 002906-002963) | | X | | | |
| 91 | | Ken Deane Commission Calculation paid March 2019 for January 31 – monthly (Bates Nos. Deane-TPFG 002716-002755) | | X | | | |
| 92 | | Ken Deane Commission Calculation paid April 1 for February 2019 – monthly (Bates No. TPFG 000872) | | X | | | |
| 93 | | Ken Deane Commission Calculation paid April 26 for March 2019 – Quarter 1 (Bates Nos. Deane-TPFG 002756-002766) | | X | | | |
| 94 | | Ken Deane Commission Calculation paid May 1 for March 2019 – monthly (Bates Nos. Deane-TPFG 002767-002846) | | X | | | |
| 95 | | Ken Deane Commission Calculation paid June 3 for April 2019 – monthly (Bates Nos. Deane-TPFG 002847-002905) | | X | | | |
| 96 | | Ken Deane Commission Calculation paid July 31 for June 2019 – Quarter 2 (Bates Nos. TPFG 001332-001341) | | X | | | |
| 97 | | Ken Deane Commission Calculation paid August 1 for June 2019 – monthly (Bates Nos. Deane-TPFG 002964-003021) | | X | | | |
| 98 | | Ken Deane Commission Calculation paid September 1 for July 2019 – monthly (Bates Nos. Deane-TPFG 003022-003076) | | X | | | |

| 99 | | Ken Deane Commission Calculation paid October 1 for August 2019 – monthly (Bates Nos. Deane-TPFG 003077-003133) | | X | | | |
| 100 | | Territory Commission Worksheet for Ken Deane paid October 31 2019 – Quarter 3 (Bates Nos. Deane-TPFG 003134-003143) | | X | | | |
| 101 | | Ken Deane Commission Calculation paid November 1 for September 2019 – monthly (Bates Nos. Deane-TPFG 003144-003199) | | X | | | |
| 102 | | Ken Deane Commission Calculation paid December 2 for October 2019 – monthly (Bates Nos. Deane-TPFG 003200-003254) | | X | | | |
| 103 | | Ken Deane Commission Calculation paid January 2, 2020 for November 2019 – monthly (Bates Nos. Deane-TPFG 003255-003308) | | X | | | |
| 104 | | Territory Commission Worksheet for Ken Deane paid January 31, 2020 for Quarter 4 2019 (Bates Nos. Deane-TPFG 003309-003317) | | X | | | |
| 105 | | Ken Deane Commission Calculation paid February 3 for December 2019 – monthly (Bates Nos. Deane-TPFG 003318-003371) | | X | | | |
| 106 | | Ken Deane Commission Calculation – January 2020 (Bates Nos. Deane-TPFG 003372-003424) | | X | | | |
| 107 | | Ken Deane Commission Calculation paid for February 2020 – monthly (Bates Nos. Deane-TPFG 003425-003475) | | X | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 108 | | Territory Commission Worksheet – Quarter 1, 2020 for Ken Deane (Bates Nos. Deane-TPFG 003476-003484) | | X | | | |
| 109 | | Ken Deane Commission Calculation – April 2020 (Bates Nos. Deane-TPFG 003485-003535) | | X | | | |
| 110 | | Ken Deane Commission Calculation – August 2020 (Bates Nos. Deane-TPFG 003536-003583) | | X | | | |
| 111 | | Ken Deane Commission Calculation – July 2020 (Bates Nos. Deane-TPFG 003584-003631) | | X | | | |
| 112 | | Ken Deane Commission Calculation – June 2020 (Bates Nos. Deane-TPFG 003632-003681) | | X | | | |
| 113 | | Ken Deane Commission Calculation – March 2020 (Bates Nos. Deane-TPFG 003682-003733) | | X | | | |
| 114 | | Ken Deane Commission Calculation – May 2020 (Bates Nos. Deane-TPFG 003734-003783) | | X | | | |
| 115 | | Territory Commission Worksheet – Quarter 2, 2020 for Ken Deane (Bates Nos. Deane-TPFG 003784-003792) | | X | | | |
| 116 | | Updated economic loss report for Ken Deane (Bates Nos. Deane-TPFG 003793-003834) | | | | X<br>Hearsay (FRE 801-803)<br>Authenticity (FRE 901)<br>Produced version has pen markings<br>Relevance (FRE 401-402) including improper and inadmissible expert opinions.<br>Foundation (FRE 602; 402) | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 200 | 2007.11.02 | Pacific Financial Group Inc. Code of Ethics (TPFG 000030) | | | FRE 402 FRE 403 | | |
| 201 | 2008.02.15 | Email w/attachment from Megan Meade to Ken Deane re Sales Representative Contract (Deane_TPFG 000300-310) | | X | | | |
| 202 | 2008.04.00 | Draft Employment Agreement with redline edits  (TPFG 000391-000400) | | X | | | |
| 203 | 2008.04.00 | Draft Employment Agreement with redline edits  (TPFG 000401-000410) | | X | | | |
| 204 | 2011.08.01 | Letter to Kenneth Deane from Megan Meade re Darrell Szymanski  (TPFG 000298) | | X | | | |
| 205 | 2012.03.12 | March 5 letter from Megan Meade to Kenneth Deane re amendment to contract  (TPFG 000314) | | X | | | |
| 206 | 2016.12.05 | Email from Ken Deane forwarding to his personal email re Here is my signed document Offer Letter to Dan Messmer  (TPFG 017237-238) | | | FRE 402 FRE 403 | | |
| 207 | 2017.02.05 | Email from Ken Deane forwarding to his personal email re Breakdown - AUM by Rep State and Region Only as of 12/31/16 (TPFG 017234-235) | | | FRE 402 FRE 403 | | |
| 208 | 2017.08.28 | CLS Investments LLC Instructions | | | FRE 402 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | for the Solicitor Application and Agreement (Deane_TPFG 001549-001556) | | | FRE 403 | | |
| 209 | 2018.00.00 | 2018 Expense Reports  (TPFG 000541-000635) | | | | | FRE 402 FRE 403 |
| 210 | 2018.01.12 | Pacific Holdings Group Employee Handbook (TPFG 014313-014339) | | | | FRE 402 FRE 403 | |
| 211 | 2018.02.01 | Absolute Capital Asset Allocator Fund, Absolute Capital Defender Fund Prospectus (Deane_TPFG 001565 - 001567) | | | FRE 402 FRE 403 | | |
| 212 | 2018.03.24 | Letter to Kenneth Deane from Megan Meade re total compensation schedule dated 12/1/17 signed by Ken Deane on 3/24/18 (TPFG 000300-000302) | | X | | | |
| 213 | 2018.04.17 | Jim McCormick text message exchanges with Ken Deane [4/17/18 -1/8/19] (Deane_TPFG 000461-000469) | 37 | | FRE 402 FRE 403 | | |
| 214 | 2018.04.17 | Jim McCormick & Melanie Dickinson text message exchange with Ken Dean [4/17/18 – 11/1/18] (Deane_TPFG 000475-000477) | | | FRE 402 FRE 403 | | |
| 215 | 2018.04.18 | Erik Sherman text message exchange with Ken Deane [4/18/18 – 9/19/19] (Deane_TPFG | 39 | | | | FRE 402 FRE 403 |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | 000479-000490) | | | | | |
| 216 | 2018.04.19 | Melanie Dickinson text message exchange with Ken Deane [4/19/18 – 10/19/18] (Deane_TPFG 000470-000474) | | | FRE 402 FRE 403 | | |
| 217 | 2018.04.20 | Robert Coleman text message exchange with Ken Deane [4/20/18 – 9/17/19] (Deane_TPFG 000491-000500) | 42 | | FRE 402 FRE 403 | | |
| 218 | 2018.04.23 | Erik Sussman text message exchange with Ken Deane [4/23/18 – 11/21/19] (Deane_TPFG 000616-646) | 54 | | FRE 402 FRE 403 | | |
| 219 | 2018.04.25 | Pat Caroll text message exchange with Ken Deane [4/25/18 – 1/11/20] (Deane_TPFG 000502-000543) | | | FRE 402 FRE 403 | | |
| 220 | 2018.04.25 | Ed Bosch Jr. text message exchange with Ken Deane [4/25/18 – 5/3/18] (Deane_TPFG 000575) | | | FRE 402 FRE 403 | | |
| 221 | 2018.05.03 | Investment Management Agreement (Deane_TPFG 001557-001564) | | | FRE 402 FRE 403 | | |
| 222 | 2018.05.10 | Dustin Mikkelsen text message exchange with Ken Deane [5/10/18 – 2/14/19] (Deane_TPFG 000578-000582) | | | FRE 402 FRE 403 | | |
| 223 | 2018.05.22 | J Bivens text message to Ken | | | FRE 106 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | Deane email address (Deane_TPFG 000567) | | | FRE 402 FRE 403 | | |
| 224 | 2018.06.11 | Glenn Wiggle text message exchange with Ken Deane [6/11/18 – 11/25/19] (Deane_TPFG 000584-000588) | 56 | | FRE 402 FRE 403 | | |
| 225 | 2018.06.15 | Withdrawn | | | | | |
| 226 | 2018.06.17 | Withdrawn | | | | | |
| 227 | 2018.06.18 | Withdrawn | | | | | |
| 228 | 2018.06.19 | Sylvain Templeman text message exchange with Ken Deane (Deane_TPFG 000046-048) | | X | | | |
| 229 | 2018.08.03 | Carlos Rodriguez text message exchange with Ken Deane [8/3/18 – 12/18/19] (Deane_TPFG 000449-000459) | 57 | X | | | |
| 230 | 2018.08.29 | Email from Ken Deane forwarding to his personal email re Charlotte SDBA list (TPFG 017212-233) | | | FRE 402 FRE 403 | | |
| 231 | 2018.09.01 | AdvisorOne Funds Prospectus (Deane_TPFG 001600-001603) | | | FRE 402 FRE 403 | | |
| 232 | 2018.09.15 | Chart of Retirement Plans by State (Deane_TPFG 001791-001828) | | | FRE 402 FRE 403 | | |
| 233 | 2018.10.10 | Andrew Evans text message exchange with Ken Deane [10/10/18 – 7/16/19] (Deane_TPFG 000566) | | | FRE 106 FRE 402 FRE 403 | | |
| 234 | 2018.10.30 | Quantified Funds Prospectus (Deane_TPFG 001773-001776) | | | FRE 402 FRE 403 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 235 | 2018.10.30 | Quantified Funds Summary Prospectus (Deane_TPFG 001777-001778) | | | FRE 402 FRE 403 | | |
| 236 | 2018.10.30 | Email from Ken Deane to Megan Meade re Savings (Deane_TPFG 002313-314) | | X | | | |
| 237 | 2018.11.01 | HCM Prospectus (Deane_TPFG 001656-001658) | | | FRE 402 FRE 403 | | |
| 238 | 2018.11.15 | Email from Scott Friel to Ken Deane re contract termination calculations.  (Deane_TPFG 000263-264) | | X | | | |
| 239 | 2018.11.19 | Michael Lieberman text messages with Ken Deane between Michael Lieberman and Ken Deane [11/19/18-6/21/19] (Deane_TPFG 000154-162) | | X | | | |
| 240 | 2018.11.28 | Megan Meade text messages with Ken Deane [11/26/18 – 11/28/18] (Deane_TPFG 000072-073) | | X | | | |
| 241 | 2018.12.00 | December 2018 Outlook Calendar for Ken Deane (Deane_TPFG 000399) | | | FRE 106 | | |
| 242 | 2018.12.08 | Megan Meade, Ken Deane and Nick Scalzo text message exchange [12/5-12/8/18]  (TPFG 013422-013428) | | X | | | |
| 243 | 2018.12.11 | Megan Meade, Ken Deane and Nick Scalzo text message | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | exchange re FL meeting  [12/8-12/11/18] (TPFG 013429-013434) | | | | | |
| 244 | 2018.12.11 | Megan Meade, Ken Deane and Nick Scalzo text message exchange re FL meeting  [12/11-12/12/18] (TPFG 013435-013441) | | X | | | |
| 245 | 2018.12.12 | Megan Meade and Kenneth Deane text message exchange [11/23-12/12/18] (TPFG 013462-013468) | | X | | | |
| 246 | 2018.12.12 | Withdrawn | | | | | |
| 247 | 2018.12.13 | Email from Adam Kornegay to Kenneth Deane re Pro-Forma question  (Deane_TPFG 001232-235) | | X | | | |
| 248 | 2018.12.17 | David Lieberman text messages with Ken Deane [12/17/18-7/2/19]  (Deane_TPFG 000137-153) | | X | | | |
| 249 | 2018.12.18 | Email exchange between Dane Neiman and Kenneth Deane re numbers and some question (Deane_TPFG 001242-001342) | | X | | | |
| 250 | 2018.12.21 | Nick Scalzo text message exchange with Ken Deane [12/21/18-1/11/19] (Deane_TPFG 000276) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 251 | 2018.12.21 | Email from Jeff Provence to Kenneth Deane, Danny Neiman re numbers and some questions (PFS_GRSM 000438-439) | | X | | | |
| 252 | 2018.12.26 | Megan Meade, Ken Deane and Nick Scalzo text message exchange re FL meeting  [12/15-12/26/18]  TPFG 013442-013447) | | X | | | |
| 253 | 2018.12.26 | Megan Meade text message exchange with Kenneth Deane [12/19-26/18] (TPFG 013469-013474) | | X | | | |
| 254 | 2018.12.27 | Megan Meade text message exchange with Kenneth Deane [12/26-12/27/18] (TPFG 013475-013481) | | X | | | |
| 255 | 2018.12.28 | Email from Ken Deane forwarding Megan Meade 11/29 email re meetings and expenses (Deane_TPFG 000398) | | X | | | |
| 256 | 2018.12.31 | Ken Deane Outlook Calendars for July 2018 - December 2018 (Deane_TPFG 000278-283) | | | FRE 106 | | |
| 257 | 2018.12.31 | Spreadsheet of Kenneth Deane Accounts as of 12.31.18 (TPFG 000654-000863) | | X | | | |
| 258 | 2019.01.00 | Ken Deane 2019 Activity Report (calendar) (Deane_TPFG 000277) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 259 | 2019.01.00 | TPFG Employee Handbook (Deane_TPFG 000347-367) | | | FRE 402 FRE 403 FRE 404 FRE 801 | | |
| 260 | 2019.01.06 | Email discussion from Ken Deane to David Lieberman re Items for Monday (ACM 000341-343) | | X | | | |
| 261 | 2019.01.06 | Email discussion between Ken Deane and David Lieberman re Items for Monday (Deane_TPFG 000088-090) | | X | | | |
| 262 | 2019.01.07 | Dan Neiman text message exchange with Ken Deane [1/7/19 – 6/18/19] (Deane_TPFG 001236-001237) | | X | | | |
| 263 | 2019.01.08 | Meeting invite from Ken Deane to David Lieberman re July 12th meeting (ACM 000257) | | X | | | |
| 264 | 2019.01.09 | Email from Kenneth Deane to Jeff Provence, Danny Neiman re numbers and some questions (PFS_GRSM 000371-380) | | X | | | |
| 265 | 2019.01.10 | Email from Ken Deane forwarding to his personal email re John Mints should be East TX (TPFG 017236) | | | FRE 402 FRE 403 | | |
| 266 | 2019.01.11 | John Adams, Pat Caroll & Tyler Shumaker text message exchange with Ken Deane (Deane_TPFG 000547-000549) | | | FRE 402 FRE 403 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 267 | 2019.01.14 | Email from Ken Deane to David Lieberman re update (ACM 000346-347) | | X | | | |
| 268 | 2019.01.15 | Email from David Lieberman to Ken Deane re offer details (Deane_TPFG 000093-095) | | X | | | |
| 269 | 2019.01.16 | Email from David Lieberman to Ken Deane providing introduction to other partners (Deane_TPFG 000096) | | X | | | |
| 270 | 2019.01.16 | Email from Jeff Provence to Kenneth Deane re Cell died I'll call you in a few (PFS_GRSM 000043) | | X | | | |
| 271 | 2019.01.18 | Acknowledgement re receipt of Employee Handbook dated January, 2019 (Deane_TPFG 000314) | | X | | | |
| 272 | 2019.01.23 | Scott Friel text message exchange with Ken Deane  [1/23/19-2/11/19] (Deane_TPFG 000267-268) | | X | | | |
| 273 | 2019.01.24 | Email from Kenneth Deane to Jeff Provence, Dan Neiman re almost clear (PFS_GRSM 000023) | | X | | | |
| 274 | 2019.01.24 | Email response  from Jeff Provence to Kenneth Deane, Danny Neiman re almost clear (PFS_GRSM 000230) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 275 | 2019.01.28 | Email from Ken Deane to David Lieberman email re cash flow projections (ACM 000012-000023) | | X | | | |
| 276 | 2019.01.28 | Jeff Provence text messages with Ken Deane [1/28/19 – 3/14/19] (Deane_TPFG 001238-001241) | | X | | | |
| 277 | 2019.01.28 | Email discussion between Jon Rosen and Jason Luhan re Termination of Ken Deane (TPFG 017246-259) | | X | | | |
| 278 | 2019.01.29 | Email from David Lieberman to Ken Deane re spreadsheet (Deane_TPFG 000098-099) | | X | | | |
| 279 | 2019.01.29 | Email from Jeff Provence to Kenneth Deane re Funds (Deane_TPFG 001523) | | X | | | |
| 280 | 2019.01.29 | Email with attachment from Kenneth Deane to Jeff Provence re management agreement (PFS_GRSM 000109-128) | | X | | | |
| 281 | 2019.01.30 | Email with attachment from Kenneth Deane to Jeff Provence re numbers and some questions (PFS_GRSM 000096-097) | | X | | | |
| 282 | 2019.01.31 | Email from David Lieberman to Ken Deane re strategy/marketing info (Deane_TPFG 000100-101, 1977-979, 1955-961, 1981-989) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 283 | 2019.01.31 | Email string between Ken Deane and Peter Monks re Thank You and Next Steps | | | FRE 402 FRE 403 | | |
| 284 | 2019.02.01 | Absolute Capital Asset Allocator Fund, Absolute Capital Defender Fund Prospectus (Deane_TPFG 001568-001599) | | | FRE 402 FRE 403 | | |
| 285 | 2019.02.04 | Email from Pavlina Mladenova to Kenneth Deane re Monthly Commissions (Deane_TPFG 002240-002244) | | X | | | |
| 286 | 2019.02.04 | Withdrawn | | | | | |
| 287 | 2019.02.05 | Email from David Lieberman to Ken Deane, Marc Kocur re times (Deane_TPFG 000102-104, 1968-976) | | X | | | |
| 288 | 2019.02.08 | Email string  between Ken Deane and David Lieberman re email for Schwab  (ACM 000025-000027) | | X | | | |
| 289 | 2019.02.11 | Email string between Ken Deane and David Lieberman re items for this week (ACM 000033-000036) | | X | | | |
| 290 | 2019.02.11 | Email string between Ken Deane and David Lieberman re items for this week (Deane_TPFG 000105-108) | | X | | | |
| 291 | 2019.02.11 | Email from Ken Deane to David Lieberman re weather (Deane_TPFG 000109) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 292 | 2019.02.12 | Withdrawn | | | | | |
| 293 | 2019.02.20 | Email with attachment from Kenneth Deane to Jeff Provence, Danny Neiman re expenses (PFS_GRSM 000064-069) | | | X | | |
| 294 | 2019.02.21 | Email with attachment from Ken Deane to David Lieberman re cash flow  (ACM 000051-000076) | 32 | | X | | |
| 295 | 2019.02.21 | Email string between Ken Deane and David Lieberman re cash flow file (ACM 000077-000078) | | | X | | |
| 296 | 2019.02.21 | Email from Ken Deane to David Lieberman re cash flow (Deane_TPFG 000110) | | | X | | |
| 297 | 2019.02.21 | Email from Ken Deane to Jeff Provence, Danny Neiman re expenses (PFS_GRSM 000263-264) | | | X | | |
| 298 | 2019.02.22 | Email string between Ken Deane and Michael Lieberman, David Lieberman re next week (ACM 000082-000083) | | | X | | |
| 299 | 2019.02.22 | Email string between David Lieberman and Ken Deane re model (Deane_TPFG 000111-117) | | | X | | |
| 300 | 2019.02.23 | Email from Kenneth Deane to Jeff Provence re Funds (Deane_TPFG 001524-001526) | | | X | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 301 | 2019.02.24 | Email string between Ken Deane and David Lieberman re attached (ACM 000087-000090) | | X | | | |
| 302 | 2019.02.25 | Email string between Ken Deane and David Lieberman re salary and expenses (ACM 000098-000101) | 123 | X | | | |
| 303 | 2019.02.26 | Email string between Ken Deane and Michael Lieberman, David Lieberman re next week (ACM 000102-000106) | 141 | X | | | |
| 304 | 2019.02.26 | Email with attachment from Ken Deane to David Lieberman re printing and to do (ACM 000112-000134) | | X | | | |
| 305 | 2019.02.28 | The Pacific Financial Group Summary Monthly Commissions Allocations.  [2/28/19 – 7/31/2020] (TPFG 000872, 000935-001320, 17274-847, 17889-930, 17935 ) | | | | FRE 801 FRE 802 FRE 901 | |
| 306 | 2019.03.01 | Email with attachment from David Lieberman to Ken Deane re contract (ACM 000367-377) | | X | | | |
| 307 | 2019.03.01 | Email response from David Lieberman to Ken Deane re contract (Deane_TPFG 000119-120) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 308 | 2019.03.03 | Email response from Ken Deane to David Lieberman re contract (ACM 000135-000136) | | X | | | |
| 309 | 2019.03.03 | Saul Simmons text message exchange with Ken Deane [3/3/19 – 11/7/19] (Deane_TPFG 000556-000559) | 43 | X | | | |
| 310 | 2019.03.06 | Email from Kenneth Deane to Jeff Provence re Fixed ETF Holdings (PFS_GRSM 000081-083) | | X | | | |
| 311 | 2019.03.07 | Email string between Ken Deane and David Lieberman re attorney introduction (ACM 000137-000138) | 131 | X | | | |
| 312 | 2019.03.09 | Meeting invitation from Ken Deane to David Lieberman re meeting at ACM on March 15th (ACM 000139) | | X | | | |
| 313 | 2019.03.14 | Email from Ken Deane to David Lieberman re Friday' s meeting (Deane_TPFG 000121-122) | | X | | | |
| 314 | 2019.03.15 | Email from David Lieberman to Ken Deane re thoughts on this? (ACM 000378) | 142 | X | | | |
| 315 | 2019.03.20 | Email from David Lieberman to Ken Deane re action items summarized (Deane_TPFG 000123-124) | | X | | | |
| 316 | 2019.03.22 | Dan Neiman & Jeff Provence text | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | message exchange with Ken Deane (Deane_TPFG 001208) | | | | | |
| 317 | 2019.03.29 | CLS Investments Form ADV Part 2A Brochure (Deane_TPFG 001110-001170) | | X | | | |
| 318 | 2019.03.29 | Flexible Plan Investments Ltd Form ADV Part 2A Brochure (Deane_TPFG 001171-001207) | | X | | | |
| 319 | 2020.06.30 | The Pacific Financial Group Summary Quarterly Commissions Allocations for period 1/1/19-6/30/20 (TPFG 001321-001341, 17848-884) | | X | | | |
| 320 | 2019.04.02 | Scott Friel text message exchange with Ken Deane [4/2/19 – 7/30/19] (Deane_TPFG 002258) | | X | | | |
| 321 | 2019.04.08 | Meeting invitation from Ken Deane to David Lieberman re meeting on April 9th (ACM 000142) | | X | | | |
| 322 | 2019.04.11 | Email from Jon Rosen to Jason Luhan re Ken Deane's monthly payment summary (Deane_TPFG 000380-382) | | X | | | |
| 323 | 2019.04.12 | Email from Kenneth Deane to Jeff Provence, Jeff Waclawik re Introduction | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | (Deane_TPFG 001527-001529) | | | | | |
| 324 | 2019.04.15 | Email string between Ken Deane and David Lieberman re Ken/Dave Meeting (ACM 000144-000146) | | X | | | |
| 325 | 2019.04.15 | Meeting invitation from Ken Deane to David Lieberman re May 3rd meeting (ACM 000147) | | X | | | |
| 326 | 2019.04.15 | Email from David Lieberman to Michael Lieberman, Ken Deane re Map (ACM 000382-383) | | X | | | |
| 327 | 2019.04.15 | Email from Michael Lieberman to David Lieberman, Ken Deane re Map (ACM 000384-385) | 143 | X | | | |
| 328 | 2019.04.15 | Email from Jeff Waclawik to Justin Scanlon, Jeff Provence, Kenneth Deane, David Lieberman re Distributor Introduction for Advisors Capital Management (Deane_TPFG 001343-001348) | 33 | X | | | |
| 329 | 2019.04.17 | Email with attachment from Ken Deane to David Lieberman re financials (ACM 000148-000152) | | X | | | |
| 330 | 2019.04.17 | Email string from Ken Deane to David Lieberman re financials | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | (ACM 000153-000157) | | | | | |
| 331 | 2019.04.18 | Email string from Ken Deane to David Lieberman re financials (ACM 000158-000164) | 124 | X | | | |
| 332 | 2019.04.19 | Email string from Ken Deane to David Lieberman re financials (ACM 000165-000171) | | X | | | |
| 333 | 2019.04.23 | Email discussion between Jon Rosen and Jason Luhan re Deane v Pacific Financial Group, et al. (TPFG 017260-264) | | X | | | |
| 334 | 2019.05.13 | Email from David Lieberman to Ken Deane re additional Schwab questions (Deane_TPFG 000131-133) | | X | | | |
| 335 | 2019.05.16 | Howard Capital Management Inc. Form ADV Part 2A Brochure (Deane_TPFG 000934-000952) | | X | | | |
| 336 | 2019.05.29 | Meeting invitation from Ken Deane to David Lieberman re May 30th meeting (ACM 000172) | | X | | | |
| 337 | 2019.05.29 | Email from David Lieberman to Ken Deane re Ken Deane (ACM 000386-387) | | X | | | |
| 338 | 2019.05.31 | Email string from Ken Deane to David Lieberman re info (ACM 000173-000175) | | X | | | |
| 339 | 2019.05.31 | Vikkie Bach Fink text message | 46 | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | exchange with Ken Deane (Deane_TPFG 000615) | | | | | |
| 340 | 2019.06.03 | Email string from Ken Deane to David Lieberman re engagement letter (Kenneth Deane) (Deane_TPFG 000134) | 47 | X | | | |
| 341 | 2019.06.03 | Letter from Michael Burwick to Kenneth Deane re Proposed Solicitor Arrangement and LLC Formation (Deane_TPFG 001962-001967) | | X | | | |
| 342 | 2019.06.04 | Email from Ken Deane to Dan Neiman, Jeff Provence re Meeting in June (Neiman Funds_GRSM 000011-013) | | X | | | |
| 343 | 2019.06.06 | Email string from Ken Deane to David Lieberman re ownership structure of LLC (ACM 000180-184) | | X | | | |
| 344 | 2019.06.10 | Email with attachment from David Lieberman to Ken Deane re contract attached (ACM 000390-400) | | X | | | |
| 345 | 2019.06.11 | Email response from Ken Deane to David Lieberman re updated contract (ACM 000185-000186) | | X | | | |
| 346 | 2019.06.11 | Email from David Lieberman to | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | Ken Deane re updated contract (ACM 000401-411) | | | | | |
| 347 | 2019.06.12 | Email response from Michael Bilotta to David Lieberman re possible acquisition (ACM 000291-000293) | 133 | | FRE 402 FRE 403 FRE 802 | | |
| 348 | 2019.06.12 | Email string from David Lieberman to Michael Bilotta re possible acquisition (ACM 000299-000301) | | | FRE 402 FRE 403 FRE 802 | | |
| 349 | 2019.06.13 | Email response from Michael Bilotta to David Lieberman re info summary for The Pacific Financial Group (ACM 000288-000290) | | | FRE 402 FRE 403 FRE 802 | | |
| 350 | 2019.06.17 | Email with attachment from Ken Deane to David Lieberman re stock structure (ACM 000187-000189) | 134 | X | | | |
| 351 | 2019.06.17 | Email from Michael Bilotta to David Lieberman re Quick FYI (ACM 000286-000287) | | | FRE 402 FRE 403 FRE 802 | | |
| 352 | 2019.06.17 | Email from Ken Deane to David Lieberman re  stock structure (Deane_TPFG 000135-136, 1980) | | X | | | |
| 353 | 2019.06.17 | Email from Ken Deane to Dan Neiman, Jeff Provence re Meeting in June (Neiman Funds_GRSM 000014- | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | 017) | | | | | |
| 354 | 2019.06.21 | Email string from Ken Deane to David Lieberman, Christina Aiello re onboarding (ACM 000192-000195) | | X | | | |
| 355 | 2019.06.25 | Email response from Ken Deane to David Lieberman, Christine Aiello re resume (ACM 000196-000197) | | X | | | |
| 356 | 2019.06.25 | Email with attachment from Ken Deane to David Lieberman, Christine Aiello re info (ACM 000198-000199) | | X | | | |
| 357 | 2019.06.26 | Email with attachment from Ken Deane to David Lieberman re wholesaler employment agreement (ACM 000200-000211) | | X | | | |
| 358 | 2019.06.26 | Email response from Ken Deane to David Lieberman re background check (ACM 000212-000213) | | X | | | |
| 359 | 2019.06.27 | Email response from Ken Deane to David Lieberman re fyi (ACM 000214-000215) | | X | | | |
| 360 | 2019.06.27 | Email from Michael Bilotta to David Lieberman re TPFG (ACM 000278-000279) | | | FRE 402 FRE 403 FRE 802 | | |
| 361 | 2019.06.27 | Email from Michael Bilotta to David Lieberman | | | FRE 402 FRE 403 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | (ACM 000280-000281) | | | FRE 802 | | |
| 362 | 2019.06.27 | Email string from Michael Bilotta to David Lieberman re have you had the chance to call Pacific? (ACM 000282-000285) | | | FRE 402 FRE 403 FRE 802 | | |
| 363 | 2019.06.27 | Email string from David Lieberman to Michael Bilotta re have you had the chance to call Pacific? (ACM 000305-000306) | | | FRE 402 FRE 403 FRE 802 | | |
| 364 | 2019.06.27 | Email with attachment from David Lieberman to Ken Deane re employment agreement (ACM 000412-423) | | X | | | |
| 365 | 2019.06.27 | Email with from David Lieberman to Ken Deane re most recent version (ACM 000424-435) | | X | | | |
| 366 | 2019.06.28 | Email string from Ken Deane to David Lieberman re fyi (ACM 000218-000220) | | X | | | |
| 367 | 2019.06.28 | Email from Ken Deane to David Lieberman mails re stock structure (ACM 000223-000224) | | X | | | |
| 368 | 2019.06.28 | Email string from Ken Deane to David Lieberman re most recent version (ACM 000225-000228) | | X | | | |
| 369 | 2019.06.28 | Email with attachment from Ken | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | Deane to David Lieberman re KD employment agreement (ACM 000229-000238) | | | | | |
| 370 | 2019.06.28 | Email from Ken Deane to David Lieberman re KD employment agreement (ACM 000239-000241) | | X | | | |
| 371 | 2019.07.01 | Email from Ken Deane to David Lieberman re from attorney - confirming dates? (ACM 000244-000245) | | X | | | |
| 372 | 2019.07.01 | Email from David Lieberman to Ken Deane re Section 2.7 language (ACM 000436-437) | | X | | | |
| 373 | 2019.07.01 | Email from David Lieberman to Ken Deane re nearly finished version (ACM 000438-448) | | X | | | |
| 374 | 2019.07.03 | Email from Ken Deane to David Lieberman forwarding Edits to 2.7 (ACM 000246-000256) | 125 | X | | | |
| 375 | 2019.07.08 | Email string from David Lieberman to Michael Bilotta re The Pacific Financial Group (ACM 000302-000304) | | | FRE 402 FRE 403 FRE 802 | | |
| 376 | 2019.07.16 | Andrew Evans text message exchange with Ken Deane (Deane_TPFG 000229) | | | FRE 402 FRE 403 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 377 | 2019.07.17 | Michael Goldberg text message exchange with Ken Deane [7/17 – 30/19] (Deane_TPFG 000546) | | | FRE 402 FRE 403 | | |
| 378 | 2019.07.29 | Email string from Ken Deane to David Lieberman re ACM (ACM 000269-000274) | | X | | | |
| 379 | 2019.07.29 | Email from Ken Deane to Stephen Potts, Peter Wilmot re ACM Fixed Income (Deane_TPFG 000199-200) | | X | | | |
| 380 | 2019.07.30 | Tim Murphy text message exchange with Ken Deane [7/30/19 – 8/16/19] (Deane_TPFG 000561) | 52 | X | | | |
| 381 | 2019.08.02 | Ken Deane Employment Agreement (ACM 000001-000010) | 126 | X | | | |
| 382 | 2019.08.06 | Advisors Capital Management Investment Information (Deane_TPFG 002114-200) | | X | | | |
| 383 | 2019.08.09 | Email string from Ken Deane to E Brian Smith re ACM meeting w/Ken Deane (Deane_TPFG 000214-217) | | X | | | |
| 384 | 2019.08.11 | Email from Ken Deane to David Swartz, Timothy Murphy re From Ken Deane ACM (Deane_TPFG 000205-206, 1961) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 385 | 2019.08.13 | Email response from Ken Deane to Bryan Bruce re voice message (Deane_TPFG 000224-225) | | X | | | |
| 386 | 2019.08.14 | Email string from Ken Deane to Jim Allston re ACM Meeting with Ken Deane (Deane_TPFG 000226-228) | | X | | | |
| 387 | 2019.08.14 | Ken Deane text message to David Swartz (Deane_TPFG 000560) | | X | | | |
| 388 | 2019.08.15 | Email from Ken Deane to Brian Smith re Sept 20 lunch (Deane_TPFG 000218-219) | | X | | | |
| 389 | 2019.08.22 | Email string  from Ken Deane to Adam Handler re Meeting August 26 (Deane_TPFG 000207-209) | | X | | | |
| 390 | 2019.08.23 | Email from Ken Deane to Dan Randall re Advisors Capital Management (Deane_TPFG 000197-198, 2072-093) | | X | | | |
| 391 | 2019.08.23 | Email string from Ken Deane to Steve Belloli re Sept/Oct (Deane_TPFG 000210-213) | | X | | | |
| 392 | 2019.08.23 | Email from Ken Deane to B Bruce, D Toeppe re Advisors Capital Management (Deane_TPFG 000220-221, 2072- | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | 113) | | | | | |
| 393 | 2019.08.26 | Rob Hudson text message exchange with Ken Deane (Deane_TPFG 000545) | 55 | X | | | |
| 394 | 2019.08.28 | Email string from Kenneth Deane to Jeff Provence, Dan Neiman re Update (Deane_TPFG 001530-001532) | | X | | | |
| 395 | 2019.08.28 | Email string  from Ken Deane to Jeff Provence, Dan Neiman re update (Neiman Funds_GRSM 000018) | | X | | | |
| 396 | 2019.09.01 | AdvisorOne Funds Prospectus (Deane_TPFG 001604-001655) | | X | | | |
| 397 | 2019.09.06 | Email from Ken Deane to Jeff Provence, Dan Neiman re update (Neiman Funds_GRSM 000029-032) | | X | | | |
| 398 | 2019.09.13 | Email with attachment from Ken Deane to B Bruce and D Topper re another impressive piece to the team (Deane_TPFG 000196, 2047) | | X | | | |
| 399 | 2019.09.27 | Email from Ken Deane to Steve Belloli re Partners (Deane_TPFG 000194) | | X | | | |
| 400 | 2019.09.27 | Email from Ken Deane to Davie Toeppe, Bryan Bruce re Belloli and meeting | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|-----|------|-------------|---------------|--------------------------|-------------------------------------------------|------------------------------------------|----------------------------------------------|
| | | (Deane_TPFG 000222-223) | | | | | |
| 401 | 2019.10.09 | Email from Ken Deane to Peter Wilmot, Stephen Potts re Additional fixed income PM - Meeting (Deane_TPFG 000201-202, 2144) | | X | | | |
| 402 | 2019.10.16 | Email from Ken Deane to Dave Sorenson, William Neubaur re ACM update and recert commentaries (Deane_TPFG 000190-193, 2049-050, 2052-053) | | X | | | |
| 403 | 2019.10.28 | Email string from Ken Deane to Dave Sorenson, Ann Morocco re Advisor intro (Deane_TPFG 000186-189) | | X | | | |
| 404 | 2019.10.31 | Quantified Funds Summary Prospectus (Deane_TPFG 001779-001786) | | X | | | |
| 405 | 2019.11.01 | HCM Prospectus (Deane_TPFG 001659-001710) | | X | | | |
| 406 | 2019.11.03 | ACM Due Diligence Seminar Brochures (ACM 000315-000337) | 135 | X | | | |
| 407 | 2019.11.05 | Email from Ken Deane to David Toeppe, Bryan Bruce re Confirming 11:30 - November 13 (Deane_TPFG 000195) | | X | | | |
| 408 | 2019.11.08 | Email from Kenneth Deane to Jeff | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | Provence re Vacation (PFS_GRSM 000489) | | | | | |
| 409 | 2019.11.12 | Email with attachment from Kenneth Deane to Jeff Provence re Ken Deane (PFS_GRSM 000084-095) | | | FRE 402 FRE 403 FRE 501 FRE 502 FRE 801 FRE 802 | | |
| 410 | 2019.11.27 | ADP Paycheck stubs for 8/7/19-11/27/19 (Deane_TPFG 000075-087) | | | FRE 402 FRE 403 | | |
| 411 | 2019.12.06 | John Adams text message exchange with Ken Deane [12/6/-17/19] (Deane_TPFG 000553-000554) | | X | | | |
| 412 | 2019.12.17 | Carlos Rodriguez, Brian McGinnis text message exchange with Ken Deane [12/13-17/19] (Deane_TPFG 001856-001858) | | X | | | |
| 413 | 2019.12.24 | Payroll Summary for 8/7/19 – 12/24/19 (ACM 000011) | | | FRE 402 FRE 403 | | |
| 414 | 2019.12.30 | Ken Deane text messages to Tim Murphy (Deane_TPFG 002245) | | | FRE 402 FRE 403 | | |
| 415 | 2020.01.07 | Melisssa Crouch text message exchange with Ken Deane (Deane_TPFG 002247-248) | | | FRE 402 FRE 403 | | |
| 416 | 2020.01.07 | Subpoena to Produce Documents | 119 | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | in a Civil Action to Advisors Capital Management, LLC | | | | | |
| 417 | 2020.01.15 | Christ Ciocia text message exchange with Ken Deane (Deane_TPFG 000550) | | | FRE 402 FRE 403 | | |
| 418 | 2020.01.22 | Ed Bosch Jr. text message exchange with Ken Deane (Deane_TPFG 002249) | | X | | | |
| 419 | 2020.02.07 | Email from Ken Deane re Dan Neiman, Jeff Provence re Call with ACM (Neiman Funds_GRSM 000042-044) | | | FRE 402 FRE 403 | | |
| 420 | 2020.02.08 | Email with attachment  from Kenneth Deane to Jeff Provence, Claire Comerford re AC Fund Information as discussed (PFS_GRSM 000017-021) | | | FRE 402 FRE 403 | | |
| 421 | 2020.02.20 | Email from Claire Comerford to Ken Deane, Dan Neiman, Jeff Provence re AC Fund information as discussed (Neiman Funds_GRSM 000094-099) | | | FRE 402 FRE 403 | | |
| 422 | 2020.02.20 | Email string from Ken Deane to Dan Neiman, Claire Comerford, Jeff Provence re AC Fund information as discussed Deane_TPFG 002344-352) | | | FRE 402 FRE 403 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 423 | 2020.02.28 | Email from Ken Deane to Jeff Provence, Dan Neima, Claire Comerford re business plan (Deane_TPFG 002354-368) | | | FRE 402 FRE 403 | | |
| 424 | 2020.02.28 | Email from Kenneth Deane to Jeff Provence, Dan Neiman, Claire Comerford re business plan (PFS_GRSM 000024-038) | | | FRE 402 FRE 403 | | |
| 425 | 2020.02.28 | Email with attachments from Kenneth Deane to Jeff Provence, Dan Neiman, Claire Comerford re business plan (native version) | | | FRE 402 FRE 403 | | |
| 426 | 2020.03.12 | Email with attachment from Jeff Provence to Kenneth Deane re for discussion (PFS_GRSM 000073-075) | | | FRE 402 FRE 403 | | |
| 427 | 2020.03.12 | Email from Ken Deane to Jeff Provence, Claire Comerford re PowerPoint for Board (Deane_TPFG 002371-377) | | | FRE 402 FRE 403 | | |
| 428 | 2020.03.13 | Email with attachment from Jeff Provence to Kenneth Deane, Claire Comerford, Dan Neiman re Development Agreement (PFS_GRSM 000054-063) | | | FRE 402 FRE 403 | | |
| 429 | 2020.03.27 | Email with attachment from Jeff Provence to Kenneth Deane, Claire Comerford re Development Agreement | | | FRE 402 FRE 403 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | (PFS_GRSM 000044-053) | | | | | |
| 430 | 2020.03.27 | Email from Kenneth Deane to Jeff Provence re Form 15-C Affirmation (PFS_GRSM 000288-291) | | | FRE 402 FRE 403 | | |
| 431 | 2020.03.27 | Email string from Ken Deane to Jeff Provence re Form 15-C Affirmation (Deane_TPFG 002379-382) | | | FRE 402 FRE 403 | | |
| 432 | 2020.03.31 | ACM Private Small/Mid Cap Composite Fund Information (Deane_TPFG 002383-384) | | | FRE 402 FRE 403 | | |
| 433 | 2020.05.00 | Deane Marketing Expenses Spreadsheets for January 2019 - May 2020 (TPFG 017124 - 140) | | X | | | |
| 434 | 2020.05.13 | Employment Agreement executed by Megan Meade and Logan Cummings (TPFG 017075-082) | | | FRE 106 | | |
| 435 | 2020.05.15 | Letter from Brian McGinnis to Megan Meade (TPFG 017141-143) | 118 | | FRE 801 FRE 802 | | |
| 436 | 2020.05.20 | Email with attachment from Jeff Provence to Claire Comerford, Kevin Strauss, Kenneth Deane re Signed Development Agreement (PFS_GRSM 000460-467) | | | FRE 402 FRE 403 | | |
| 437 | 2020.05.20 | Email from Jeff Provence to Ken | | | FRE 402 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | Deane, Claire Comerford re Prospectus (PFS_GRSM 000132) | | | FRE 403 | | |
| 438 | 2020.05.31 | Account Data for Ken Deane's Division for January 21, 2019 - May 31, 2020 (TPFG 017159-174, 017885-886, 17888) | | X | | | |
| 439 | 2020.06.01 | Email string from Ken Deane to Jeff Provence re structure (Deane_TPFG 002404-405) | | | FRE 402 FRE 403 | | |
| 440 | 2020.06.17 | Email string from Ken Deane to Jeff Provence, Claire Comerford re Additional info (Deane_TPFG 002406-408) | | | FRE 402 FRE 403 | | |
| 441 | 2020.06.25 | Text message string between Carlos Rodriguez and Ken Deane 8/3-6/25/20 (Deane_TPFG 002280-298) | | X | | | |
| 442 | 2020.07.23 | Claire Comerford LinkedIn Profile | 144 | | FRE 402 FRE 403 FRE 801 FRE 802 | | |
| 443 | 2020.08.07 | Declaration of Records Custodian (Neiman Funds_GRSM 000001-003) | | X | | | |
| 444 | 2020.09.17 | Email with attachment from Jeff Provence to Claire Comerford, Ken Deane, Parker Bridgeport re Prospectus and SAI | | | FRE 402 FRE 403 FRE 801 FRE 802 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | (Deane_TPFG 002420-501) | | | | | |
| 445 | 2020.09.23 | Email string from Ken Deane to Jeff Provence re Comments and info on Prospectus and SAI (Deane_TPFG 002505-508) | | | FRE 402 FRE 403 FRE 801 FRE 802 | | |
| 446 | 2020.10.06 | Email string from Jeff Provence to Claire Comerford, Ken Deane, Parker Bridgeport re Draft Prospectus and SAI (Deane_TPFG 002537-539) | | | FRE 402 FRE 403 FRE 801 FRE 802 | | |
| 447 | | Deane Equity Fund Pro-Forma Operating Statements (Deane_TPFG 001226-001228) | | X | | | |
| 448 | | Pro-Forma Assumptions re Deane Funds (Deane_TPFG 001229-001230) | | X | | | |
| 449 | | Deane Funds Cash Flow Projections for New Fund Organization (Deane_TPFG 001231) | | X | | | |
| 450 | | Withdrawn | | | | | |
| 451 | | Gemini Funds - Creating Your Mutual Fund Article (Deane_TPFG 001543-001544) | | | FRE 801 FRE 802 | | |
| 452 | | Fidelity Article - "An advisor's guide to Fidelity BrokerageLink" (Deane_TPFG 001787-001790) | | | FRE 801 FRE 802 | | |
| 453 | | Flexible Plan Investments - "Manage your clients' current | 35 | | FRE 801 FRE 802 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | workplace retirement accounts" article (Deane_TPFG 001829-001831) | | | | | |
| 454 | | ACM Business overview for Fidelity (Deane_TPFG 001832-001833) | 36 | X | | | |
| 455 | | United Fund Solutions - Launching a Mutual Fund article (Deane_TPFG 001834-001839) | | | FRE 801 FRE 802 | | |
| 456 | | Structure of ACM Compensation for Kenneth Deane (Deane_TPFG 001840-001844) | 34 | X | | | |
| 457 | | $2 billion fund AUM acquisition (Deane_TPFG 001953-001954) | 30 | X | | | |
| 458 | | Withdrawn | | X | | | |
| 459 | | Cash Flow Projections (Deane_TPFG 001990-001994) | | | FRE 402 FRE 403 | | |
| 460 | | Mutual Fund Assumptions (Deane_TPFG 001995) | | | FRE 402 FRE 403 | | |
| 461 | | KDA Equity Fund Projections (Deane_TPFG 001996-001997) | | | FRE 402 FRE 403 | | |
| 462 | | Cash Flow Goals (Deane_TPFG 001998-002011) | | | FRE 402 FRE 403 | | |
| 463 | | KDA Equity Fund Projections (Deane_TPFG 002012-002013) | | | FRE 402 FRE 403 | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| 464 | | Cash Flow Projections (Deane_TPFG 002014-002029) | | | FRE 402 FRE 403 | | |
| 465 | | KDA Equity Fund Projections (Deane_TPFG 002030-002031) | | | FRE 402 FRE 403 | | |
| 466 | | Mutual Fund Assumptions (Deane_TPFG 002032-002033) | | | FRE 402 FRE 403 | | |
| 467 | | Cash Flow Goals (Deane_TPFG 002034-002046) | | | FRE 402 FRE 403 | | |
| 468 | | Account ID table (TPFG 000873-000934) | | | | FRE 901 FRE 801 FRE 802 | |
| 469 | | Q1 2019 – Q3 2020 Master - KD Territories Spreadsheets (TPFG 017206 – 210, 017931, 17933) | | X | | | |
| 470 | | 01 Master Territory Reassignment - revised all accounts spreadsheet (TPFG 017239) | | X | | | |
| 471 | | 2018 Q4 - 2019 Q1 Region Audit Spreadsheet (TPFG 017240) | | X | | | |
| 472 | | Eastern Division Compare - All Accounts Spreadsheet | | | | FRE 901 FRE 801 | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | (TPFG 017241) | | | | FRE 802 | |
| 473 | | Monthly Expenses Spreadsheet (TPFG 017242) | | | | FRE 901 FRE 801 FRE 802 | |
| 474 | | Text messages between Megan Meade, Nick Scalzo and Ken Deane (Deane_TPFG 000030 - 039) | | | FRE 105 | | |
| 475 | | Advisors Capital Management Investment Kit (51 pages) | | X | | | |
| 476 | | AT&T Records of Communications between Ken Deane and Robert Coleman (AT&T_GRSM 000068-69, 90-91, 106, 572, 575, 591, 593, 617, 664-665, 737, 782-783 | | X | | | |
| 477 | | AT&T Records of Communications between Ken Deane and Andrew Evans (AT&T_GRSM 000247) | | X | | | |
| 478 | | AT&T Records of Communications between Ken Deane and Dave Sorenson (AT&T_GRSM 000251, 288, 878-879, 902, 927, 930, 1008) | | X | | | |
| 479 | | AT&T Records of Communications between Ken | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| | | Deane and Glenn Wiggle (AT&T_GRSM 253, 267, 489, 492, 554, 680, 695, 785, 826, 848, 879-880, 896, 914-915, 936, 974, 1002) | | | | | |
| 480 | | AT&T Records of Communications between Ken Deane and James McCormack (AT&T_GRSM 000292, 390, 535, 540-541, 549, 557, 559-563, 588, 600-601, 713, 783, 821-822, 835, 843, 846, 851, 894, 899, 915, 917, 968, 972, 974, 1047-048) | | X | | | |
| 481 | | AT&T Records of Communications between Ken Deane and Michael Lieberman (AT&T_GRSM 000450, 467, 479-481, 485-486, 496, 500, 504, 516, 518-519, 525, 529, 534, 540-541, 545, 550, 594, 600, 612, 617) | | X | | | |
| 482 | | AT&T Records of Communications between Ken Deane and Eric Sherman (AT&T_GRSM 000459, 534-535, 599-600) | | X | | | |
| 483 | | AT&T Records of Communications between Ken Deane and Peter Monks (AT&T_GRSM 000774-775) | | X | | | |

| No. | Date | Description | Dep. Exh. No. | Admissibility Stipulated | Authenticity Stipulated; Admissibility Disputed | Authenticity and Admissibility Disputed | Pltfs. Reserve objection if offered by Def. |
|---|---|---|---|---|---|---|---|
| 484 | | AT&T Records of Communications between Ken Deane and Wilmot Potts (AT&T_GRSM 000779) | | X | | | |
| 485 | | AT&T Records of Communications between Ken Deane and Brian Smith (AT&T_GRSM 000831, 901, 938-939, 1040) | | X | | | |
| 486 | | Q2-Q3 2020 Annuity Resigns Spreadsheet (TPFG 017934) | | | | FRE 801 FRE 802 FRE 901 FRE 1002 | |
| 487-500 | | Reserved for Demonstrative and Impeachment | | | | | |